MOTION TO SUBMIT ATTACHED DOCUMENT

FILED

08 JUN 17 PM 1:00

In the United States District Court
For the Northern District of California

| Pagtakhan ET AL V. Witt ET AL | Motion To Submit Attach-ed Document As Evidence Case No. CV 08 2188 SI (PR) |

To: The Honorable Court In The Above Entitl-ed Cause Of Action

Please be advised that on the day of June ___, 2008, at the hour of 8:00am in the court-room of the Honorable, Judge Susan Illston, or as soon thereafter as this motion can be heard, plaintiff will move the court for an or-der to permit submission of attached doc-ument described as a "habeas corpus pet-ition" as documentary evidence.

The said document has been filed in the Ca-lifornia Supreme Court on June 5, 2008, case no. S164140, consists of relevant facts and case law totaling 58 pages.

June 12th, 2008          Marlon E. Pagtakhan

[1]



**MC–275**

Name  Marlon E. Pagtakhan

Address  Napa State Hospital G9

2100 Napa Valley Hwy.

Napa, Ca 94558-6293

~~CDC or~~ ID Number  2074227

## California Supreme Court
## 350 McAllister Street
## San Francisco, Ca. 94102
(Court)

---

Marlon Estacio Pagtakhan
Petitioner

vs.

Ed Foulk ET AL
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**
(or applicable writs of mandamus)

No _____

*(To be supplied by the Clerk of the Court)*

58 paged petition + attachments
(see page 3 for Notice/Table of Contents)

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

✓ If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents (supporting documents will be sent seperately via certified mail to the size, and my lack of resources) due

✓ Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

Penal Code § 1473 et seq.
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**PETITION FOR WRIT OF HABEAS CORPUS**

Note: this petition will be renumberdd as ⊗ at top and bottom centered, or right of wording.



②

MC-275

**This petition concerns:**

- [ ] A conviction
- [ ] A sentence
- [ ] Jail or prison conditions
- [x] Other *(specify):* **excessive civil rights violations**

- [ ] Parole
- [ ] Credits
- [ ] Prison discipline

1. Your name: Marlen Estacio Pagtakhan

2. Where are you incarcerated? Napa State Hospital

3. Why are you in custody? [ ] Criminal Conviction  [x] Civil Commitment **(pre-preliminary detainee held on no legitimate grounds nor hearings)**

*Answer subdivisions a. through i. to the best of your ability*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

I was falsely arrested **(framed up) and have been fraudulently committed** pending accusations below.

b. Penal or other code sections: 646.9 (a), 646.9(c)(2), and 422

c. Name and location of sentencing or committing court: Superior Court, County of San Mateo, 400 County Center, Redwood City, Ca. 94063

d. Case number: NF369118A, MH463328A, HC1973, A121085 **(appeals court)**

e. Date convicted or committed: October 24, 2007 **(committed)**

f. Date sentenced: transferred to Napa State Hospital 2/7/08

g. Length of sentence: 6 months *minimum*

h. When do you expect to be released? **UNKNOWN (**PC1370 is being *abused* to compel **a defendant** *into taking a plea bargain*

i. Were you represented by counsel in the trial court? [ ] Yes. [x] No. If yes, state the attorney's name and address.

I was **fraudulently** *misrepresented* by "incompetent" Eric M. Hove, 461 Laurel St., San Carlos, Ca. 94070.

4. What was the LAST plea you entered? *(check one)*

- [x] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other: n/a

5. If you pleaded not guilty, what kind of trial did you have?

- [ ] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [x] Awaiting trial

③

# (attachment insert) Notice/Table of Contents

- ## Grounds Ø through 19 (in petition)
  (case rulings added since last petition)

- ## "Prejudices Suffered" (in petition)
  (to show prima facie case for relief)

- ## "Prayer For Relief" (in petition)
  (what I request the court to do)

- ## Court of Appeals Denial & Letter (attached)
  (1 line denial and return letter of inquiry)                    2 pages

- ## Superior Court Denial (attached)
  (habeas corpus history)                    5 pages

- ## U.S. District Court Judgement (attached)
  (habeas corpus history)                    4 pages

- ## Civil Rights Complaint, Federal (attached)
  (lawsuit filed under Title 42 U.S.C § 1983 summarizing misconduct)    30 pages

- ## 59 paged document #'ed 0-56 (attached)
  (notes and figures regarding my case, and diary of incarceration and proceedings)    59 pages

- ## 3 criminal complaints filed (attached)
  (complaints I filed with the court and the District Attorney)    16 pages

- ## Claim Against The County (attached)
  (included documenting prejudice and civil rights violations)    9 pages

- ## Letter Requesting Relief (attached)
  (sent to Governor, Attorney General, Federal District Judge, Board of Supervisors, State Bar)    6 pages

- ## Letter to D.A. & Sheriff (attached)
  (regarding crimes in court committed against me and prejudices suffered)    11 pages

- ## 84 Napa State Hospital complaints (attached)
  (displays & documented pretrial prejudices suffered while at Napa State Hosp.)    6 pages

(continued...)

PETITION FOR WRIT OF HABEAS CORPUS ③

④

1  (continued) Notice/Table of Contents

2

3  • All Pro Moving business plan (attached)
4  (a liberty I'm prejudiced of pursuing)                    1 page

5  • Daily Journal & SF Chronicle articles
6  (me's present persecuted authors exibiting prejudice) (attached)
                                    11 pages

7  • Pending Lawsuit "Causes of Action" (attached)
8  (some causes of action in a court I'm preparing against APW)  10 pages

9  Listing of real parties in interest:

10

11  • Ed Foulk (jailer "executive director of NSH")
   (writ should issue to)

12

13  • Chuck Witt (Burlingame Police Detective)
   (subpoena to court)

14

15  • Steve Wagstaffe (Chief Deputy D.A.)
   (subpoena to court)

16

17  • Eric Musser Hove (court appointed counsel)
   (subpoena to court)

18

19  • Jatinder K. Singh (court appointed doctor)
   (subpoena to court)

20

21  • Thomas E. Samuels (court appointed doctor)
   (subpoena to court)

22

23  • Jane Doe (deputy D.A. on 8/23/07)
   (genuine early day _____ _____)

24

25  • Jack Grandsaert (retired)
   (_____ _____, _____ _____ _____ _____)

26

27  • Roland Alexander (APW mob leader)
   (_____ _____ _____ _____ _____)

28

PETITION FOR WRIT OF HABEAS CORPUS ④

7. Ground 2 or Ground Ⓞ ④ ⑤ (if applicable):

(and Appeals Court)

The Superior Court erred in denial in it's refusal to review petition grounds 1 through 9, grounds 11, 12 and 16 violating my rights to Due Process in the prosecution of the writ.

a. Supporting facts: (see civil rights complaint page 15 line 13 - page 16 line 16)

I filed for a writ of habeas corpus **challenging the legality of my arrest and detention** (imprisonment) addressing the following grounds: (1) **false arrest**, (2) **entrapment**, (3) **compelled interrogation**, (4) **unlawful seizure**, (5) **excessive bail**, (6) **false police report**, (7) imposed slavery, (8) **equal protection violation by police**, (9) **speedy trial right violation**, (10) fraudulent competency proceedings, (11) **defamation**, (12) denial of right to jury trial, (13) fraudulent diagnosis by court appointed doctors, (14) illegal commitment, (15) refusal to disclose documents to myself, (16) **malicious prosecution**, with the Superior Court. Grounds 10, and 13-15 were irrationally and vaguely addressed. Grounds 1-9, 11-12, and 16 were **unreviewed without** stated authorities. Habeas Corpus actions are used to address critical issues **at any time.** My grounds are critical to my confinement as I **shouldn't have been arrested to begin with.** The appeals Court gave no explanation in it's denial.

b. Supporting cases, rules, or other authority:

**PC § 1473-1508.**, Due Process Clause of both State and Federal Statutes, **def.** a writ employed to bring a person before a court., to ensure.. party's.. detention is not illegal. •.. to being used to test the legality of an arrest. In this petition **will you find many procedural defects in which to choose from** that you may grant relief. **I had a life.**

⑥

(Ground ① cont.) Francis S. v. Stone 221 F.3d 100 (stating that "some increment of incorrectness beyond error is required" but "that increment need not be great"), Davis v. Strack 270 F.3d 111 (Finding that the Appellate Division's decision was "egregiously at odds with the standards of due process propounded by the S- upreme Court" and fit within the "unreasonable application" clause), Jermyn v. Horn 266 F.3d 257 (finding that defendant's counsel had been ineffective for failing to conduct adequate investigation, and that state courts decision to the contrary was objectively unreasonable), Edwards v. Balisok 520 U.S. 641 (when trial judge is not impartial), Reynolds v. Norris 86 F.3d 796 (failure to hold additional competency hearing violated due process), Boss v. Pierce 263 F.3d 734 (holding that the appellate court's decision was unreasonable), Torres v. Prunty 223 F.3d 1103 (finding that "the state courts factual determinations were unreasonable" and that the defendant "rebutted the presumption of correctness of state court's findings by clear and convincing evidence"), Taylor v. Maddox 366 F.3d 992 (finding a state court's determination of facts is unreasonable if no finding was made and the court "should have made a finding of fact but neglected to do so"), Nunes v. Mueller 350 F.3d 1045 (state court's factual findings were unreasonable when court made the findings without holding an evidentiary hearing), Mask v. McGinnis 233 F.3d 132 (refusing to give state courts "factual finding" a presumption of correctness because there were no factual findings but only conclusions), Caliendo v. Warden of Cal. Men's Colony 365 F.3d 691 (deciding that there is no deference given to state court's fact findings when the findings were "arrived at through the use of erroneous legal standards")

PETITION FOR WRIT OF HABEAS CORPUS ⑥

⑦

(Ground ① cont.) Torres v. Prunty 223 F.3d 1103 (concluding state court's factual determination was unreasonable under §2254 (d)(2) if it was "conclusionary and not fairly supported by evidence on the record"), Dugger v. Adams 489 U.S. 401 (stating that a court may grant a writ even in the absence of showing of cause for procedural default, but only in an "extraordinary" case), Murray v. Carrier 477 U.S. 478 (holding that "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, procedural default will not bar review of the claims"), Coleman v. Thompson 501 U.S. 722 (reaffirming that the "fundamental miscarriage of justice" exception applies to procedurally defaulted claims). I was not granted an order to show cause by the court of appeals. I was not granted one by the Superior Court, and issued an unreasonable denial order stating "I should have demanded to cross examine doctors". I repeatedly objected in court and demanded a public hearing. This was the very purpose of my habeas petition. I never had a competency "hearing" only conclusion. My habeas corpus denials were conclusionary despite legitimate disputes. I have not ever had a preliminary hearing. *How can law, a law a criminal mob conspire with a dishonest cop to frame up a man, permit the D.A. to press the case when it is evident, deny the accused a right to have prosecutors show cause to his detainment, and finally commit that man without a hearing — despite his objections and without shown cause?* Pagtakhan v. Foulk must rule an unconstitutional commitment when held w/o a preliminary hearing and requests a competency hearing.

6. GROUNDS FOR RELIEF 1st of 16 total grounds

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

I was **illegally arrested** excercising my first state amendment right to be free, and independent, defending life and liberty, protecting property, and pursuing and obtaining safety, happiness and privacy, by the *Burlingame Police.* (and 14th Amendment

a. Supporting facts: (see civil rights complaint page 4 claim (1))

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did *exactly* *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

I've been **harassed and blackmailed** *by slander* by the alleged victims (affiliates of APW), for over one year. I paid Roland Alexander $2,000 to be trained as a pro-wrestler. *Instead I become* **subject to slavery** and am **disrespected and made fun of.** I drop out and request a *partial refund.* Roland then spreads lies. Harassment between APW affiliates and myself become mutual via email and cell phone. **I show up on 8/11/07** to speak with my former trainer. *Later that night I am invited to the APW office for a release from my APW contract and a return of my money by Roland and Shannon Ramirez. I am trapped in a **malicious arrest** by two officers of the Burlingame Police, **violating quidlines, learned under PC 13519.05.** (SEE NEXT GROUND AND LETTER FOR RELIEF TO GOV. ETAL ATTACHED.)

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

14th Amendments Due Process and Equal protection Clauses

CA Art. 1 § 6, 13th Amendment (1) CA Art. 1 § 1, please see attachment (59 pages numbered 0-56) pages # 0, 5, 12-14, 20-25, 29 (a)(b), **30-34,** 39, 41-42 & declarations of slavery and harassment. See **page #54** for timeline (s). PC 118.1.

⑨

(Ground I cont.) In December '06 Roland Alexander informed me that several sought temporary restraining orders against me, at the same time he and others tried to pursuade me to return to APW, not to mention a "Camp Orientation" letter in January '07. I was threatened and falsely accused of "stalking" female wrestler MsChif in July '06, who apparently led me on. This factors into the conspiracy as it is possible detective Chuck Witt was soliciting APW as early as this date. During my participation in my last A-PW show as security, female wrestler Melissa asked me to retrieve a jacket for her. As I up the stairs to the front entrance, MsChif downs the stairs following two men who were earlier "whooing" and cheering for her loudly, and one of them screaming "Yeah!" Opposite him as security, I eyed him closely, who identically resembled Chuck Witt, whom MsChif acknowledged before her wrestling match. This is documented in my seized laptop. Regardless, PC13519. 05. clearly states guidlines must be followed in stalking accusations. One "civil remedy" is the well known "restraining order", as Roland mentioned. APW affiliates, including the two above sought restraining orders, yet chose to add and keep me as a friend on Myspace.com. MsChif even signed my guestbook, and Melissa directed me to a video of her wearing sexy Christmas lingerie in a message asking what do I think she should wear for Valentine's Day. On the forms CH-135, CH-150, and CH-151, guidlines of restraining orders are stated as approved by the Judicial Counsel of California. CH-135 states as to "Why do I have





(10)

1  (Ground I cont.) to get the order served? • The *police cannot arre-*

2  *st* anyone for violating an order *unless* that person knows ab-

3  out the order." CH-150 states on "**How will the person to be re-**

4  **strained know about the order?** Someone... must "serve" (giv-

5  e) the person to be restrained a copy of the order." CH-151 st-

6  ates "**What if I don't obey the order?** The police can arrest you."

7  *I was never served the restraining order,*

8  *but I was continually baited, taunted, and*

9  *harassed in a state of coercion.* (**CRIMINAL COERCION**)

10  In regards to Chuck Witt's malicious arrest **violating PC843,**

11  after he conspired with Roland and Shannon to invite me ba-

12  ck to the gym, it was *his idea he admitted,* I was pulled

13  up to a parking spot across from the gym during the show

14  that night, he runs towards my truck flashing a light in

15  my face pointing his gun at me yelling, "Marlon stop the

16  truck and come out with your hands up!" As I comply

17  at least two squad cars enter the lot speeding and trap me

18  in unecessarily. Guns are drawn and a police attack dog

19  is viciously barking at me. *I recall an infared scope*

20  *in my vision. People across the street watching the*

21  *show are cheering in my arrest.* This is excessive for

22  somebody who was invited for a release contract and

23  refund he was entitled to, for somebody who only sou-

24  ght a truce earlier that day, for someone who brought

25  two pairs of gloves to box a 6'4" 250lb. trash talking b-

26  ully in the ring, whom Roland repeatedly threatened

27  me with, and also invited me numerous times to go

28  one on one with in the ring. **This was not necessary.**

7. Ground ②or Ground ⎯⎯ (if applicable):

My 14th state amendment and 6th Amendment rights were violated in a conspiracy and **entrapment by the Burling-ame Police** in which there was an *unnecessary delay* in arrest after a felony complaint was filed. Also the **5th Amendment** **and 14th Amendment.**

a. Supporting facts: (see civil rights complaint page 4 claim (1))
The detective admitted to having investigated the situation for **at least "6 months prior"** to the arrest. He was prejudice and negligent to my civil rights when **he solicited with affiliates of APW** to procure myself to be charged and arrested. **He permitted the alleged victims to continue their harassment to incite and induce me** to retaliate. The detective then ignored the crimes committed against me. **I had previously filed a harassment complaint with the BPD against APW in 1/07** but did not press charges. I could have been warned or notified when a complaint was filed against me. Instead, the detective and partner chose a malicious arrest even after having surveyed my residence. (see pages #**27(a)** – 28, 35.) A restraining order ~~must have been~~ was issued, yet **I was never served.** I always felt Roland and company setting **(framing)** me up and even expressed this concern with the police when I filed a complaint. That has become reality in the **negligence** and fraud committed by an **unprofessional** officer. (SEE ATTACHED LETTER FOR RELIEF TO GOVERNOR)

b. Supporting cases, rules, or other authority:
CA Art. 1814, 6th Amendment, **Due Process Clause,** PC 182(a)(1)(2)(4), **PC 153,** PC 134 (re: fraudulent report), see attachment pages #26, 30-34, 36-39, 48, **54,** and **56 for relating case law.** **Rule 48(b)** Federal Rules of Criminal Procedure for unreasonable and unnecessary delay. McNeely v. Blanas 336 F. 3d 922, 324, Dickey v. Florida 398 US 30, **PC 118.1,** PC 131.



(12)

1  (Ground 2 cont.) After the immediate and surprising arre-
2  st I go into a state of shock but I do manage to rep-
3  eatedley ask Chuck Witt for what reason I'm being ar-
4  rested. He finally answers **"stalking, terrorist threats,**
5  **and electronic harassment".** I then go into a state of
6  post traumatic stress as I was just warned by my sis-
7  ter on the way there to "go straight home and tell Rola-
8  nd to mail me a check instead." Roland and Shannon calle-
9  d me and repeatedley, and texted me while I was a family
10  get together I had been late to, after leaving the parking
11  lot across the street from AFW that late afternoon (see 59
12  panel documents page #29(a) & #29(b). I called my sister to let
13  her know Roland and Shannon promised a refund, But wa-
14  nted me to sign a contract not to sue them, while I was on my
15  way. Not taking her advice, I promised to call her as soon as I
16  got there, and put her on speaker phone so that she could listen
17  to see if anything bad would happen. When I expressed this to
18  Chuck Witt that I had a feeling of a set up, he said **"Good thing**
19  **you didn't. We would have shot you thinking it was a gun."**
20  My entire family and even co-workers were aware of AFW
21  harassing me, and know what I was going through. So should
22  have the Burlingame Police! I ask Chuck Witt **"Who is in cha-**
23  **rge?"** at least twice. First he puts the blame on his partner,
24  then says **"I'm in charge. What do you want?" "Do you have a w-**
25  **arrant? I want to see a warrant!"** I ask. He replies, **"back at**
26  **the station".** I'm somewhat relieved they're parking my truck,
27  though leaving it in **hostile heathen territory** and taking me bac-
28  k to Burlingame. In the car, I'm restless and want to express t-

PETITION FOR WRIT OF HABEAS CORPUS (12)

⑬

1  (Ground 2 cont.) the truth, and he promises to hear both sides of
2  the story at the station as I claimed Roland had been blackm-
3  ailing me and asked him if that was a crime. "In some instan-
4  ces," he replies but insists we should talk at the station w-
5  hen he has a pen and notepad. I was, I understand now, a psych-
6  ological wreck after the shocking and malicious arrest. I was
7  a victim of Roland's coercion, multiple crimes committed agai-
8  nst me, and a false arrest. Chuck Witt never showed me the
9  requested warrant, and had showed his true colors when co-
10 mpiling a false police report violating both PC842 and PC118.1.
11 **b.** United States v. Marion 404 U.S. 307 (ru-
12 ling that right to speedy trial guaranteed by
13 the 6th Amendment does not apply until you
14 have been accused of a crime, which may
15 not occur until indictment, yet pre-arrest
16 delay may violate due process) 92 ALR 411
17 (Unfairness or corruption of officers in pe-
18 formance of administrative functions in ci-
19 vil or criminal cases in state court as in vi-
20 olation of the 14th Amendment) **Pagtakha-**
21 **n v. Foulk must rule that pre-arrest de-**
22 **lay violates due process when it is used**
23 **as a tactic to harass, taunt, coerce, and b-**
24 **ait one who may face criminal charges, wh-**
25 **en it is evident Police have conspired with**
26 **the alleged victims who are criminally affi-**
27 **liated,** who have sought prior restraining
28 orders yet deliberately did not serve the accused.

(14)

11-12.1

7. Ground 2 or Ground  3  (if applicable):

The **detective** violated my 15th state amendment and 5th Amendment rights when he **compelled me in an interrogation** under false pretenses *and continued after I refused to speak further without counsel* then **resulting** in an illegal seizure.

a. Supporting facts: (civil rights claim page 5 line 15 on)

During the ride from Hayward to the Burlingame Police Department, the detective promised *under false pretenses* he would make a report of my side of the story as I expressed crimes committed against me. Upon interrogation the detective began taking *leading statements.* I then **refused to speak more without counsel** as he attempts to put words in my mouth. *He continues questioning. Later in closing he asks if I have anything else to say in my defense or any evidence to support my story.* I reply so, explaining I **had saved journals** and emails on a laptop at home as I had **intended of filing a lawsuit against Roland and APW.** Given the promise of having the material *printed for an investigation on crimes committed against me, they escort me home. Instead, the leading officer angrily and aggressively disconnected a PC tower from an entertainment center, and sluggishly pulled my notebook from a monitor and music studio workstation without a warrant.* **(note lines 240-264 of pages #33-34)** I was **also never shown a warrant** *as requested upon arrest.* PC 842.

b. Supporting cases, rules, or other authority:

CA Art. 1515, 5th Amendment Due Process Clause, *Miranda,* **Escobedo** v. Illinois 378us478 (continued questioning led to information and seizure of PC and laptop, *then later seizure of model replica martial arts weapons*). Fruit of poisonous tree doctrine. see page #56. 14th Amendment(1). PC118.1.

(14)



(Ground 3 cont.) Haynes v. Washington 373 U.S. 503 (which is that when a defendant claims that his confession was involuntary the question is whether his will was overborne at the time he confessed), Brewer v. Williams 430 U.S. 387 (petitioner was denied the right to counsel when police interrogated him while transporting him after a state criminal proceeding had been initiated against him; it is the burden of the prosecutor to show that the defendant has voluntary, knowingly, and intelligently waived his right to counsel), Escobedo v. Illinois 378 U.S. 478 (refusal by the police to consult with his lawyer during the course of an investigatory interrogation constituted a denial of the assistance of counsel in violation of Amendment 6), People v. Ireland 70 Cal. 2d 522,535 (one may invoke 5th Amendment rights to silence by refusing to continue ongoing interrogation subsequent to waiving that right), Miranda v. Arizona 384 U.S. 436 (defendant must have been informed of his rights before he may be considered to have knowingly and intelligently waived his right to counsel), Stansbury v. California 511 U.S. 318 (defendant must be given "Miranda warning's" if he is in custody and being questioned.) When I was shockingly and maliciously arrested, I was never "officially" arrested as have had my rights read to me, or shown a warrant, instead I repeatedly inquired the nature of my arrest, and again asked for a warrant while being transported to the BPD for interrogation. Emotional distress was inflicted upon me by the false and illegally performed arrest. I thought I would be given a fair chance to tell the story but Chuck Witt was in the conspiracy pursuant PC182(a)(2) all along. Pigtakhor v. Foulk must rule a violation of Escobedo, and because I was under duress and emotional distress, a violation of Miranda.

(16)

11-12.1

7. Ground 2 or Ground **4** (if applicable):

The detective violated my 13th state amendment and 4th Amendment rights in his **improper seizures of my property** conducted as a result of an improper interrogation, the first of which was unwarranted.

a. Supporting facts: (civil rights claim/complaint page 5 line 19 through page 6 line 27)

On 8/11/07 about an hour or so after my arrest, and illegal interrogation, I am brought home, under escort to produce exonerating evidence. The detective promised to print out my journals and saved emails and to give me copies to aid in my defense. I also had informed him I had a model katana and naginata at the BPD. He wasn't concerned. Instead of letting me show him files to print, he **angrily and aggressively** disconnects both computers in a neglectfully and **damaging demeanor,** seizing them to be used against me. I later refuse to speak with him during a contact visit the morning before my arraignment. I permit him to record my scolding of him. He claims that **some parts of my initial interrogation was lost.** I now believe **he may have tampered with it.** (see page #6) Days later he calls my sister to arrange a meeting with her at my studio. He seizes the replica katana and naginata telling my sister he did not intend to use it as evidence, that he had enough to convict me.

b. Supporting cases, rules, or other authority:

CA Art. 1§13, 4th Amendment, CA Art. 1§15, 5th Amendment, Miranda, Escobedo v. Illinois 378 us 478, **Fruit of the poisonus tree doctrine,** PC153, see pages #05, 30-31 lines 47-79, PC135, PC134, PC146 ("the detective concealed exonerating evidence, prepared a false report after an illegal arrest & seizure). CA. Art. 1§28(d) Right to Truth-in-Evidence. PC118.1.

⑰

Pagtakhan v. Foulk should rule suppression of altered and illegally siezed evidence.

1. ((Ground 4 cont.) United States v. Garza 435 F.3d 73 75 (ruling that
2. the destruction of evidence is a violation of due process if the
3. exculpatory value of the evidence was apparent before its destru-
4. ction, and if the evidence is of such nature that the defendant
5. cannot obtain comparable evidence), Brady v. Maryland 373 U.S.
6. 83 (determining that for petitioners claiming that the government
7. is hiding exculpatory evidence, one year limitation does not begin un-
8. til the receipt of the evidence), Riley v. Gray 674 F.2d 522 (the
9. petitioner raised his claim of illegally seized evidence, and the ap-
10. peals court granted habeas relief based on the same claim becaus-
11. e an "unforeseeable application of a procedural rule" had preve-
12. nted the petitioner from presenting his claim earlier), Capellan v.
13. Riley 975 F.2d 67 71 (the focus is to whether a federal court may
14. review a 4th Amendment claim in a habeas petition is the "exist-
15. ence and application of the [state's] corrective procedures" not the
16. outcome of those procedures), Williams v. Taylor 529 U.S. 362 (Mr.
17. Williams found a violation of clearly established federal law and/or
18. the Constitution, and showed the Court he had suffered harm fro-
19. m this violation), 98 ALR 411 (unfairness or corruption of officers in p-
20. erformance of administrative functions in civil or criminal cases in
21. state courts as in violation of the 14th Amendment), 33 ALR2d 1421 (S-
22. uppression of evidence by prosecution in criminal case as violating co-
23. nstitutional under principles of due process law), PC 141 (b) any peace officer who
24. knowingly, willfully and intentionally alters, modifies, ... conceals, or moves
25. any physical matter with specific intent that the action will result in a
26. person being charged with a crime, or that the matter will be unlawfu-
27. lly produced as genuine or true upon any trial, proceeding, or inquiry
28. whatever, is guilty of a felony punishable by 4 years in the state prison.

(18)

11-12.1

7. Ground 2 or Ground __5__ (if applicable):

The **detective conspired** with the deputy District Attorney to have the Court raise an already **excessive bail** from $600,000 to $800,000 deliberately violating my 12th state amendment and 8th Amendment rights in retaliation.

a. Supporting facts: (civil rights complaint page 7 line 8 on)

On 8/14/07 I was visited by the arresting officer and detective in San Mateo County Jail before my arraignment. This morning in a contact visit did he explain that the audio recording of my interrogation was partially distorted, and that he needed a second interview. I refused. He pushed, and I ended up permitting him to record myself scolding him on his misconduct. I explained to him that I was set up with his knowledge, and that I would take this case all the way to trial. I informed him that I would move for an OR. He later claimed that the tape which was distorted was actually a videotape. He was present at my arraignment with two affiliates of APW. When I was called forward, the detective and the two males **huddled up** together along with the deputy District Attorney. Shortly after, my already high bail was **raised even higher.** They leave together. (see pages #27(b) argument, 31 lines 96-109) The detective has also made some condescending insults and a sadistic remark.

b. Supporting cases, rules, or other authority:

CA Art. 1512, 8th Amendment. I was arrested in a trap having been invited for a release contract and return of my money. Earlier I had requested a truce or my money returned. I brought **two pairs of extra large** lace-up **Pro sparring** gloves to show Victor I wasn't afraid of him. I posed no threat and this bail is excessive. (no criminal intent)

(19)

Pagtakhan v. Foulk must rule excessive bail imposed from misconduct.
(Grounds 5 cont.) One of the two white males from APLC
accompanying detective Chuck Witt resembled Chris
Cherelis, a former peer who later admitted to me that he
never liked me in class, pay told me the money I owe him, that
I should go kill myself and do everyone a favor, called me a mark,
and repeatedly bombarded my cell phone with harassing
messages. This displays Chuck Witt's favoritism and facto-
rizing constructive opinion he may be a racist as these two AP-
LC males were of the white supremist type and were dress-
ed very dirty and low class, displaying hairy legs, unkept hair,
and unshaven faces. Chuck Witt described my recitations
of verses from the Quran (in 1st interrogation) as "scream-
ing in some foreign language threatening people". AP-
LC affiliates constantly mocked and spoke their dislike of
my religion. The Burlingame Police, after their illegal seizu-
res of my and my family's property, finally decided to pl-
ay their southern "backwoods" Jesus' music in triumph
in the car, which was folk like with extremely honky tunes and
vocals that sounded like a lamb. I was born catholic, tried Ch-
ristianity, but settled to be moderately Islamic. This is the
true reason I am being maliciously prosecuted after I was
set up. I wouldn't doubt the possibility of Witt being bribed (see
Prejudices Suffered "regarding APLC babes") or sexually interested
in Mschif (note his cropped photo of her) if not already having relations
with her or other concubines/swingers. Gregg v. Georgia 428 U.S. 153
(The Supreme Court defines "cruel and unusual punishment" as the "unne-
cessary and wanton infliction of pain" that is "grossly out of proportion
to the severity of the crime."), 14th Amendment's Equal Protection

7. **Ground 2 or Ground** ⑥ _(if applicable):_

**11-12.1**

The detective has compiled a ***fraudulent police report*** in an effort to _inflict cruel and unusual punishment_ violating the 17th statemmendment and 8th Amendment as well as Penal Code 134 in his _malicious accusations_ against me. **(PC118.1)**

a. **Supporting facts:** (civil rights complaint page 8 line 17on)
_The police report was falsified by the detective and committed under perjury by the affiliates of All Pro Wrestling. I **was not** arrested_ "in the action of causing a scene or picking a fight" _as the report stated. (Read by Dr. Samuel) From April '06 through September '06 **I did not** threaten by way of text, emails, or phone calls any one of the victims, "repeatedly", **nor** did I daily sexually harass Melissa or Ms Chif asking for sexual favors. This is a false claim and perjured statement in which I challenge him to provide credible evidence. I was a member of APW, friends and acquaintences with the alleged victims at those times. **I never threatened any female.** Many messages sent from mid-September '06 were directed to Bdand, kafu and Jason. The other alleged victims were only sent carbon copies to prove a point. Given the knowledge of the revelation in this petition, it is only obvious the detective instituted gross prejudice in his compilation of the police report._

b. **Supporting cases, rules, or other authority:**
PC134, CA Art. 1§17, 8th Amendment **Napue v. Illinois 360us 264** (in regards to perjured statements _contributing to the fraudulent report in which prosecution is based_) also violating CA Art. 1§15 and the 5th & 14th Amendments. PC474, PC620 see pages # 33-34 lines 240-264, 48. (see definition of _fraud on the court_ on attachment page #4) **PC118.1.**

(21)

(Ground 6 cont.) From December '06 to April '07, (about)
Melissa and MsChif added me as a friend to
their myspace pages and kept me as a friend.
If I was "daily asking them for sexual favors,"
or "threatening" them, then why didn't Chuck (W) -
itt, or the Burlingame Police, address me or serv -
e me the restraining order instead of committ -
ing PC182(a)(2)? PC13519.05. and restraining ord -
er laws were violated in his conspiracy constitut -
ing entrapment topped off by false accusations
on a false report violating PC118.1. I wouldn't
doubt Chuck Witt being responsible for harassing
text messages sent from APW affiliates' phones
being held as evidence when conducting an alleg -
ed "investigation". Kotteakos v. United States 328 U.S. 750,
Brecht v. Abrahamson 507 U.S. 619 (a deliberate and especially seriou -
s error, or one combined with a pattern of prosecutorial misconduct,
might warrant habeas relief even if it did not "substantially influence"
the jury's verdict), Napue v. Illinois 360 U.S. 264 (conviction on test -
imony known to prosecution to be perjured is denial of due process),
Jones v. Jerrison 20 F.3d 849 ("No statute or rule requires that pe -
tition identify a legal theory or include citations to legal authority"),
... "No really, how old are you?" Witt asks. I reply "29".
"You still have time to turn your life around!" Witt insu -
Its me." (during booking.) I voted for the 3-strikes law and am
extremely disgusted, as I'm suspicious the DA wants to strike
me for this garbage. Pagtakhan v. Faulk must grant habeas re -
lief due to evident police misconduct and criminal participation.

HABEAS CORPUS PETITION (21)

7. Ground 2 or Ground __7__ *(if applicable):*

The detective and District Attorney are **grossly negligent** of the alleged victim's violations of the 6th state amendment and 13th Amendment which were imposed on my-self as I was bound by fraud, libel and blackmail.

a. Supporting facts: ( see attached "cause of actions" in case I'm preparing)

From April '06 to September '06 I was subject to forced labor in service to Roland Alexander of All Pro Wrestling and to Jason Deadrich of Black Pants Productions. This slavery was deceitfully disguised and imposed on us students during pre-camp orientation as "paying our dues". (see page #**23**) Obligated to the above and others including Gabriel Ramirez and kafu, I performed a multitude of tasks. (see page #32 lines 157-177) After all the work I had contributed to the organization I was continually outcasted and joked of. For this reason at-op others I decided to leave the organization for another to pursue my career. Roland refused to let me go unless I paid him more money. He then **spread lies and gossip** that I threatened to kill him, that I spoke ill of the other students, that I've always been a problem, amongst others. (note: matter of fact on page #20, 54 Timeline ③)

b. Supporting cases, rules, or other authority:

CA. Art 1 § 6, 13th Amendment (1). **PC 181, PC 236.1, PC 182(a)** **(1)(2)** are violations committed by All Pro Wrestling in which I was victimized. (see attachment pages # 7, 23, 39) Prosecutors are in violation of CA Art. 1 § 7 and the 14th Amendment's Equal Protection of the laws. **PC 113.1.**

⑦



(Ground 7 cont.) Williams v. Taylor 529 U.S. 362 (Mr.
Williams found a violation of clearly establis-
hed Federal law and/or the Constitution,
and showed the Court he had suffered h-
arm from this violation). **Amendment XIV**
**(1868) Section 4** "But neither the Unit-
ed States nor any State shall assume
, any claim for the loss or emancipati-
on of any slave; but all claims shall b-
e held illegal and void." **Section 5** "Th-
e Congress shall have power to enforc-
e, by appropriate legislation." Fact 1:
All Pro Wrestling held me as a slave. Fa-
ct 2: All Pro Wrestling assumed rights ov-
er me by fraudulent contract. Fact 3: I
was a victim of criminal coercion. Fact
4: Roland and Shannon asked me to s-
ign a release contract, stating I wo-
uld not sue them. Fact 5: I was mal-
iciously arrested illegally. With all
factors taken into consideration,
prosecution would violate Amendm-
ent 14 Section 4 as it will enforce s-
lavery as it makes the State of Califo-
rnia assume a claim for the loss of a
slave and enforce punishment upon t-
he slave for his self emancipation.
**Pootakhan v. Foulk** displays "extraordinary"
circumstances. HABEAS CORPUS PETITION (23)

(78)
(24)

11-12.1

7. **Ground 2 or Ground** ___B___ *(if applicable):*

The Burlingame Police and District Attorney have conce-
aled the crimes committed against me by the alleged
victims of APW **violating my right to equal protection**
protected by the 7th state amendment and 14th Amendment.
*(SEE ATTACHED PRO-PER COMPLAINT)*

a. **Supporting facts:**

From July '06 through August '07, with some susp-
ect deception and fraud resuming, I've been victi-
mized by affiliates of All Pro Wrestling (which may
include the Burlingame Police detective in regards to
**PC182(a)(2)**, PC153) in the following crimes: PC181, **PC**
**182(a)(2)**, PC182(a)(4), PC519(2), PC519(3), PC519(4), PC13-
7(a), PC137(b), PC137(c), PC136.1(1), PC136.1(2), PC13-
6.1(b)(1), PC136.1(b)(3), PC474, PC620, PC422, PC415,
PC646.9, PC653m, PC236.1, PC153, PC186.22.(e)(1),
PC186.22.(e)(8), PC186.22.(e)(18), PC186.22.(e)(24)
and PC186.22.(e)(19) *in one form or another as ex-*
*plained in the 59 paged attachment numbered*
*0 to 56.* I believe the detective is knowledged to f
these acts as they **under God have had manifested**
*through the eyes of those affiliated with All Pro*
*Wrestling in the time frame allocated. Whether*
*knowledged or negligent, permittance of the crimes com-*
*mitted against me inducing my arrest equals* **entrapment.**

b. **Supporting cases, rules, or other authority:**

CA Art. 1§7, 14th Amendment, *Due Process Clause* • To est-
ablish entrapment, the defendant must show that he or she
*would not have committed the crime but for the fraud,*
*or undue persuasion.* (See page #54 time line(s)) PC118.1.
*Manifesta probatione non indigent.* PC24 PC131.

✱ REF: MY DOCUMENTS/START OF IT ALL.TXT, PARTIAL REFUND REQUEST.TXT, LAST.TXT
(or database illegally seized)

Pagtakhan v Faulk must rule a criminally conspired arrest.

(Ground Escort.) I mailed 3 criminal complaints which include the criminal syndicate of APU Police (Wesley's senior affiliates) to the clerk of the court on 1/19/08 and to the D.A.'s office on 1/23/08. I am preparing to file a civil complaint against them for liability in the same court. (causes of action attached) The Burlingame Police refused to recognize my evident claims even through their "alleged investigation", and the D.A. is neglecting the truth of APU's performed criminal coercion against me and will have no choice but to suppress this evident truth in their pursuit of an unlawful conviction through the continuing means of a frivolous prosecution. The words "conspiracy, blackmail, entrapment" are evident in the note files I kept on my illegally seized notebook computer the Police and D.A. are suppressing. The words "fraud" and "slavery" may also be evident as I was preparing to sue APU for the criminal conduct committed against me. It is apparent this MLB had ties to the police with Chuck Wutt. 98 ALR 411 (unfairness or corruption of officers in performance of administrative functions in civil or criminal cases in state courts as in violation of the 14th Amendment), 14th Amendment "No State shall... deny to any person within its jurisdiction the equal protection of the laws." Dugger v Adams 489 U.S. 401 (stating that a court may grant a writ even in the absence of a showing of cause for procedural default but only in an "extraordinary" case), Jones v Jerriso 20 F.3d 849 ("No statute or rule requires that a petition identify a legal theory or include citations to legal authority"), BCB Transp Co v Fontaine, supra note 4, 727 F.2d at 9-10 (only information as to alleged fact a crime had been committed came from agent of victim... does not constitute probable cause.)

HABEAS CORPUS PETITION (25)

(28)
(26)

11-12.1

7. Ground 2 or Ground  9  (if applicable):

The _deliberate delay_ of the _District Attorney_'s prosecution after a complaint was filed _violates_ the 14th state amendment as well as the _speedy trial right_ secured by the 15th state amendment and 6th Amendment.

a. Supporting facts: (civil rights complaint page 11)

The detective tells me he has been investigating my case for **six months prior to my arrest**. I learn from counsel the D.A. has been as well. Since a complaint was filed as early as 2/07 (possibly sooner), and the charges consist of multiple _felonies dating back to 4/06_, there is _no doubt_ in the **unnecessary delay** present before my 8/14/07 arraignment _violating CA Art. 1814_. Till this day have I _not_ been given a copy of the complaint as well after repeated requests. In addition to **pre-arrest** and pre-arraignment delay, the D.A. conspired with _court appointed counsel and doctors_ to fraudulently use the competency proceedings to **suspend time** _and illegally send me to a mental hospital_. I've not been granted the right to a preliminary hearing within the _10 statutory days_ of my arraignment, instead I will be granted one AFTER A MINIMUM OF (now) 11 MONTHS! This "cover-up and fraud" **grossly** _violates_ the **Due Process** Clause.

b. Supporting cases, rules, or other authority:

CA Art. 1814, CA Art. 1815, 6th Amendment, 14 Amendment Dickey v. Florida 398 us 30, Klopfer v. North Carolina 386 us 213, McNeely v. Blanas 336 F.3d 822, 824 n.1 (9th Cir. 2003). see attachment pages #26, 40 * 46-47, 51-54. Rule 48(b) Federal Rules of Criminal Procedure. PC 1382. Failure to file information or bring case to trial..

(27)

(6th round 9th circuit.) Engle v. Isaac 456 U.S. 107 (stating that in some cases "cause" and "prejudice" will include the correction of a fundamentally unfair incarceration), Dickey v. Florida (relief granted after a conviction in violation of speedy trial right), Klopfer v. North Carolina 386 U.S. 2-13 (ruling that state may not postpone prosecution of any case for an unlimited period even though accused remains free wherever he desires), Doe McNeely v. Lou Blanas 336 F.3d 822 (pre-trial detainee's right to a speedy trial had been violated prior to a preliminary hearing granting habeas relief), United States v. Marion 404 U.S. 307 (ruling that right to speedy trial guaranteed by the 6th Amendment does not apply until you have been accused of a crime, which may not occur until indictment, yet pre-arrest delay may violate due process), 98 ALR4-11 (Unfairness or corruption of officers in performance of administrative functions in civil or criminal cases in state court as in violation of the 14th Amendment), 33 ALR2d 1421 (Suppression of evidence by prosecution in criminal case vitiating conviction under principles of due process law). I was first wrongfully accused of stalking the female wrestler MsChif in July '06. After continuous harassment I left AII Pro Wrestling in September '06. In that same month did Roland begin falsely accusing me with false accusations, blackmailing me to pay him $1,000 more, conspiring to have me arrested, coercing me so that I do not take legal civil or criminal action against him and his affiliates. In December '06 he informed me that several sought restraining orders against me. I was never served these restraining orders deliberately suppressed by the police and prosecutors (making my arrest illegal) Pootakhan v. Foulk must rule pre-arrest delay a violation of due process atop apparent conspired speedy trial right violation.

7. Ground 2 or Ground **10** *(if applicable):*

11-12.1

The District Attorney *conspired* with court appointed counsel and doctors *to fraudulently abuse competency proceedings* to *illegally send me to a mental hospital committing moral turpitude and malpractice.*

a. Supporting facts: (civil rights complaint page 11 line 9 on)

On the evening of 8/22/07 I meet Eric M. Hove for the first time. After his repeated begging that I waive time, I assert that I want a speedy trial. The next morning in court, the detective is joking with the deputy D.A.. He leaves the courtroom from sitting behind her. Shortly, she walks to meet Eric at the aisle and they exit the courtroom. (possibly to meet the detective) They return a moment before my case is called and Eric proclaims doubt. After evaluations all three doctors tell me that I am competent enough to aid in my defense, but two (Dr. Singh & Dr. Samuel) submit negative reports. This is an act of moral turpitude, fraud, (legal) malpractice, and abuse of process as Eric only spoke with me no more than ten minutes before prematurely proclaiming doubt. Nor have I ever spoken incompetent to him or both doctors. He did this because I refused to waive time. (see attachment pages #26, 40*, 46-47, **51-54**) Misrepresentation.

b. Supporting cases, rules, or other authority: (SEE ATTACHED LETTER TO D.A. & SHERIFF)
• Rules of Procedure of the State Bar Title IV Part B 2, 3 Offenses involving **moral turpitude, fraud, dishonesty** or **concealment**.* People v. Pokovich 39 C4th 1240, 1253. Welfare & Institutions Code Act. **7§5331.** (the D.A. has *violated Due Process with public (media) s/ander) CA Act. 1§1, CA Act. 1§15, CA Act.1§17, CA Act. 1§29. **14th Amendment**

(Ground IIC cont.) A more complete description of this ground is found on Civil Rights Complaint Under 42 U.S.C. §1983 (attached) page #22 claim (4), page #11 lines 15 to page #14 line 24.[b.] Yick Wo v. Hopkins 118 U.S. 356 (finding that the question of constitutionality of the laws involved was a good ground for issuance of a writ of habeas corpus), Vuitch v. Hardy 473 F.2d 1370 (holding that defendant doctor was entitled to habeas corpus relief on theory that state abortion statute was unconstitutional), Betterkes v. United States 328 U.S. 750 and Brecht v. Abraham-on 507 U.S. 619 (a deliberate and especially serious error, or one combined with a pattern of prosecutorial or prosecutorial misconduct, might warrant habeas relief), Taylor v. Maddox 366 F.3d 922 (finding a state court's determination of facts is unreasonable if no finding was made and the court "should have made a finding of fact but neglected to do so"), Nunes v. Mueller 350 F.3d 1045 (state court's findings of fact were unreasonable when court made the findings without holding an evidentiary hearing), Pate v. Robinson 383 U.S. 375 (defendant entitled to competency hearing), Johnston v. Norton 249 F.3d 20, 22 (violation of due process when trial court did not hold a competency hearing), 99AL6411 (Unfairness or corruption of officers in performance of administrative functions in civil or criminal cases in state courts is in violation of the 14th Amendment), The fraudulent competency proceedings were conclusionary, and even after I was not given a preliminary hearing. I also was not given a competency hearing to contest the fraudulent findings which were instituted because I wanted a speedy trial. Dr. Singh and Dr. Samuels were in participation with Eric Heves and the D.A.'s abuse of process of PC 368 & PC 1370. See grounds 13 & 14 & 17.

Pogtakhan v. Faulk must rule evident due process violations in competency proceedings, abused to pro-long a preliminary hearing and trial.

(18)
(30)

11-12.1

7. **Ground 2 or Ground** 11 *(if applicable):*

The District Attorney has violated the Due Process Claus-
e protected by the 15th state amendment and 5th Amend-
ment by the offensive disclosure of false and fraudulen-
t material to the media in pre-trial slander and defamation.

a. **Supporting facts:** (civil rights complaint page 10 and attached articles)

In August '07, October '07, and December '07 the Court
and prosecutors have voluntarily released false infor-
mation to the media which are known (matter-of-fa-
ctly) by them to be false, disputed fraud, and obvious
perjured hearsay. The District Attorney of San Mat-
eo is in fact closely tied to articles published in the
Daily Journal. They deliberately misconstrued infor-
mation taken from an application for counsel and disclo-
sed that "I was 30 years old and lived with my parents."
THIS IS FALSE. I am 29, was living independently and
financially supported my parents. IN ADDITION TO TH-
AT DEFAMATION, the District Attorney having con-
spired to illegally send me to a hospital, used the frau-
dulent reports to publicly SLANDER ME AS "INCO-
MPETENT TO STAND TRIAL" as a cover up of their own
very fraudulent case and prosecution pending against
me. I AM COMPETENT! (I am NOT the incompetent
30 year old living with his parents.) This is LIBEL! (ous)
(SEE ATTACHED LETTER TO D.A. & SHERIFF)

b. **Supporting cases, rules, or other authority:**
CA Act. 1815, 5th Amendment, denied speedy trial, People v. Pok-
ovich 39 C4th 1240, 1253 (use of competency proceedings for
defamation and slander prior to trial) • Rules of Procedure
of the State Bar Title IV Part B2.3 (the D.A. and court
appointed counsel are guilty of these offenses as well
as the Court) Chapman ET AL v. California 386 us 18

MC-275 (Rev. July 1, 2005)                    PETITION FOR WRIT OF HABEAS CORPUS (30)

③

1  (Ground II cont.) See civil rights complaint under 42 U.-
2  S.C. §1983 (attached) page 10 and articles included p-
3  hotocopied from papers and the internet publicized
4  on 8/15/07, 8/24/07, 8/30/07, 10/25/07, 12/20/07, &
5  2/25/08 which were also distributed to other n-
6  ewspapers even after my requested but den-
7  ied orally requested gag order on 8/14/07 as
8  I foresaw all along this would be the issue. Se-
9  e civil rights complaint **page 6 line 27 to page 7**
10 **line 27.** In addition to the prejudices suffered
11 included in this petition, two of the *alleged victim*-
12 s, a gangster and a prostitute (**at least formerly**), have m-
13 ade it to big time wrestling companies **WWE** and **TNA.**
14 The misconduct of doctors, counsel, prosecutors, and t-
15 he court have **impaired me to a fair trial** as they plan-
16 ned. These two former rejects have finally made it in
17 the "last month or two." The publicity case they conspired to
18 falsely move is set for the ~~tabloids~~ as I've foreseen. **b.**
19 Woods v. Dugger 923 F. 2d 1454 (finding depriv-
20 ation of a fair trial after extensive pretrial
21 publicity and presence of uniformed prison
22 guards in audience at trial when victim was
23 a prison guard.) **It is highly likely** L.A. D.A. p-
24 (Rhonda Saunders) rosecutors conspired with Steve Wagstaffe
25 to produce a follow up story to her/his inter-
26 ests, as my *invalid price* was aired on Inside Ed-
27 ition, an ran a "stalkers special" on VH1. Pagtakhan
28 v. Foulk must rule an invalid case that is highly prejudicial.

HABEAS CORPUS PETITION ③

(X)
(32)

7. **Ground 2 or Ground** 12 *(if applicable):*                                    11-12.1

The District Attorney and court appointed counsel *have consp-ired and achieved to oppress me in unnecessary suspended proceedings* in an effort to push a plea bargain **denying my right to trial by jury** secured by the 16th state amendment.
(1370 is being used to compel acceptance of a plea bargain)

a. Supporting facts: (civil rights complaint page 16 on)
When I first met Eric M. Hove he *misinformed* me exp-laining that my prior of seven years ago will be used aga-inst me, *and that he needed me to waive time to recieve the file.* I asserted *I wanted a speedy trial and would fight this case all the way because I was set up and the prosecution's case was weak and would fall apart with a speedy trial.* He repeatedly asked me to waive ti-me. Refusing, *he finally agreed.* The next morning he *deceitfully misrepresents me proclaiming doubt to susp-end proceedings, after conspiring with the deputy D.A.* Si-nce then he has been a repeated fraud *braking repeat-ed promises.* He is a former deputy D.A. himself with a-pparent loyalties. Since I was ordered for maltreatment Mr. Hove *attempted to comfort me with the explanation of time credits,* and that I am still recieving them. Des-pite his and Omar's promises of questioning witnesses, th-ey haven't. Omar spoke of Eric *working wonders."* I was framed" and *am not interested in those* **plea bargain wonders.**

b. Supporting cases, rules, or other authority: **(SEE ATTACHED NAPA STATE HOSPITAL COMPLAINTS)**
CA Art. 1 § 16, CA Art. 1 § 29, 6th Amendment, 14th Amendment
• Due to the fact that Mr. Hove *has caliberated with* the D.A. in *moral turpitude,* I was *never* legally given my right "to have the Assistance of Counsel." **Klopfer v. North Carolina** 386 us 213 (see attached timeline page #54)
PC 131. misrepresentation, concealment, fraudulent conduct

(X)
(33)

11-12.1

7. Ground 2 or Ground __3__ *(if applicable):*

Court appointed doctors *knowingly and willingly* **misdiag-nosed me by way of fraud** to be incompetent in their reports submitted to the Court violating Penal Code §134 Preparing false documentary evidence.

a. Supporting facts: (civil rights complaint page 22 claim (4))

After I was *fraudulently presumed incompetent by court appointed counsel* **because of my refusal to waive time and assertation** that I wanted to excercise my speedy trial right, I was eventually evaluated by Dr. Singh (recommended by the D.A.) and Dr. Samuel (recommended by counsel). In Sept. '07, Dr. Singh replies " *You're very articulate and smart and I believe you can help your lawyer in your defense.*" after a suspicious evaluation. On Oct. 23 '07, Dr. Samuel replies "*Well you're competent enough to stand trial..*" after a very short and unproffesional evaluation. (please read attachment pages #26, 40, 46-47, 51-53 for thorough explanation). They were the first and ~~third~~ **third** doctors. The second doctor which submitted a positive competency report conducted a very formal and professional evaluation in which I had no suspicions. **This petition,** the prior to the U.S. District Court, and the 59 paged attachment, **should be proof** enough to competency.
(SEE ATTACHED LETTERS AND COMPLAINT)

b. Supporting cases, rules, or other authority:

PC 134, CA Art. 1815, CA Art. 1829, Amendment 6th & 14th Welfare & Institutions Code Art. 7 §5331 "..no person may be presumed to be incompetent because he has been evaluated or treated for a mental disorder." **Evidence Code § 177.** Dependant person (*which I am not*) see attachment pages #3-4, 7, 26, 40, 46-47, 51, 53. **Tort.**

(34)

1  (Ground 13 cont.) For more complete explanation se-
2  e Civil Rights Complaint page 22 Claim (4) Dr. Jatind-
3  er K. Singh voluntarily informed me she was indepen-
4  dant from the D.A. without me asking her. This was a
5  lie as she was chosen by the D.A. and was obvious in the
6  way she attempted to brainwash me into considering a
7  6 year plea bargain even after expressing I would fight
8  this case and demand/wanted a speedy trial. Dr. Thomas E. S-
9  amuels also lied on the report saying that I claimed "I
10  was in love with the victim, I believed she loved me in retur-
11  n, and that in this mutual love I sought to pursue a relations-
12  hip with her. This contradicts true evidence. I was always
13  trial competent and I certainly am not delusional. All Samuels
14  did was scold and chastise me regarding statements/claims on a
15  perjured and falsified police report that contradicts the truth.
16  b. Godinez v. Moran 509 U.S. 389 (The court identified the test for legal compete-
17  ncy as "whether [the defendant] has sufficient present ability to consul-
18  t with his lawyer with reasonable degree of rational understanding and
19  whether he has a rational as well as factual understanding of the proceedings ag-
20  ainst him"), Charles C. Pokovich 39 c 4th 1240 (the court held that defendant's fed-
21  eral constitutional privilege against self incrimination under the 5th Amend-
22  ment was violated), Napue v. Illinois 360 U.S. 264 (conviction on testimony
23  known to prosecution to be perjured as denial of due process), 33 ALR 2d 1421
24  (Suppression of evidence by prosecution in criminal case as vitiating convic-
25  tion under due process law). I argue I was never impaired from aiding my
26  incompetent lawyer. The false statements made by Samuels is perjured. My
27  due process rights were violated as I was never given a hearing despite my
28  disputes. Paatakhan v. Foulk must rule deliberate misdiagnosis by court a-
   ppointed doctors.

HABEAS CORPUS PETITION (34)



7. Ground 2 or Ground |14| *(if applicable):*                                    11-12.1

The Court is in violation of my rights to *Due Proc-
ess* secured by the 5th state amendment and
5th and 14th Amendments imposing an ***illegal pla-
cement order committing me*** to a mental hospital.

a. Supporting facts: (civil rights complaint page 13, line 26 on) (SEE ATTACHED LETTERS AND COMPLAINT)
The Court has been negligent of my rights to Due Pr-
ocess despite my repeated objections. **On Oct. 24
'07, I objected** and made an oral motion to the Judge,
(Honorable John Grandsaert) for a *Marsden hearing*
on grounds of a *misrepresentation (counsel)* and
*fraud on the court (negative doctor reports).* He
then took my motion under advisement but said he
would stand by the reports despite my dispute as I cl-
aimed "I am very competent." *I am later informed
by Eric Hove that I will be granted a Marsden hear-
ing "after" treatment.* On Nov. 16, counsel was not pres-
ent and I again **address** the court in **my dispute** of
the fraudulent misconduct, objecting to the illegal-
ity of the proceedings. On Dec. 14, counsel was not pres-
ent and that fact is made a laughing matter. On Dec.
21 '07, Eric and the Judge speak on record of the
delay in transfer status. After, I again speak up for
myself and serve the D.A. with prior petition papers.
(see court transcripts)

b. Supporting cases, rules, or other authority:
CA Art. 1 § 15, 5th and 14th Amendments, *Fraud on the
court, Intrinsic fraud, Fraud, Libel, (fraudu-
lent) Misrepresentation, Misprision,* Magna culpa
dolus est, Manifesta probatione non indigent, Jus et
fraus nunquam cohabitant, **McNeely v. Blanas 336
F. 3d 822, 824** (habeas relief granted due to continuance abuse.)

㊱

1  (Ground 14 cont.) Kotteakos v. United States 328 U.S. 750 and Brecht v. A-
2  brahamson 507 U.S. 619 (a deliberate and especially serious error, or one combine-
3  d with a pattern of prosecutorial misconduct, might warrant habeas relief even if
4  it did not "substantially influence" the jury's verdict), Jermyn v. Horn 266 F.3d
5  257 (finding that defendant's counsel had been ineffective for failing to conduct
6  adequate investigation, and that state court's decision to the contrary was ob-
7  jectively unreasonable), Edwards v. Balisok 520 U.S. 641 (when trial judge is not
8  impartial), Schell v. Witek 218 F.3d 1017 (holding that a trial court may not ignore
9  the timely motion for new counsel, such as completely an indigent defendant with
10  appointed counsel), Godinez v. Moran 509 U.S. 389 (The court identified the test for
11  legal competency as "whether [the defendant] has sufficient present ability to con-
12  sult with his lawyer with a reasonable degree of rational understanding and wheth-
13  er he has a rational as well as factual understanding of the proceedings against him"),
14  Pate v. Robinson 383 U.S. 375 (defendant entitled to competency hearing), Johnson
15  v. Norton 249 F.3d 20, 22 (violation of due process when trial court did not hold a
16  competency hearing), Reynolds v. Norris 86 F.3d 796 (failure to hold additional compete-
17  ncy hearing violated due process), McFarland v. Yukins 356 F.3d 688 (requiring defe-
18  ndant to go to trial with an attorney with a conflict of interest to defendant was co-
19  ntrary to clearly established federal law), Miller v. Dormire 310 F.3d 600 (state
20  court's application of harmless error rule to defense attorney's waiver of jury trial wi-
21  thout defendant's consent was contrary to clearly established federal law because fed-
22  eral law holds that denial of a jury trial is a "structural error" and always harmful),
23  Taylor v. Maddox 366 F.3d 992, 1000 (finding that a state court's determination
24  of facts is unreasonable if no finding was made and the court "should have mad-
25  e a finding of fact but neglected to do so"), Nunes v. Mueller 350 F.3d 1045, 1055
26  (state court's factual findings were unreasonable when court made the findings
27  without holding an evidentiary hearing), Mask v. McGinnis 233 F.3d 132, 140
28  (refusing to give state court's "factual findings" a presumption of correctness,

HABEAS CORPUS PETITION ㊱

(37)

(Ground 14 cont.) because there were no factual findings but only conclusions) Cafero v. Warden of Cal. Men's Colony, 365 F.3d 691 (deciding that there is no deference given to state court's fact findings when those findings were "arrived at through the use of erroneous legal standards") Torres v. Prunty 223 F.3d 1103 (concluding state court's factual determination was unreasonable under § 2254 (d)(2) if it was "conclusionary and not fairly supported by evidence on the record") Miller v. Dormire 310 F.3d 600 (determining that the state court's finding that defendant had waived his right to a jury trial was unreasonable when the record was "devoid of any direct testimony from [defendant] regarding his consent to waive trial by jury") Norris v. Schotten 146 F.3d 314 (stating that an error in limiting cross-examination will allow for a grant of habeas relief only if the error rises to the level of a denial of fundamental fairness) Nelson v. Walker 121 F.3d 828 (defendant satisfied requirement of substantial showing of a denial of a constitutional right, as the record indicated that further inquiry was necessary into his claim that his confession was involuntary) People v. Marsden 2 Cal. 3d 118 (motion permitting a defendant to articulate why he is dissatisfied with his court appointed counsel and why he should be relieved) Napue v. Illinois 360 U.S. 264 (conviction on testimony known to prosecution to be perjured as a denial of due process) Chapman ET AL v. California (Supreme Court held that the "machine gun repetition of a denial of the constitutional rights designed and calculated to make petitioner's version of the evidence worthless," was not harmless error) miscarriage of justice : a grossly unfair outcome in a judicial proceeding, as when a defendant is convicted despite lack of evidence on an essential element of the crime. I argue I was denied a competency hearing and a chance to publicly prove doctors wrong. I was denied competent counsel as he refused to address and object the findings. **Pagtakhan v. Foulk should show evidence of one who was unconstitutionally railroaded without shown cause, and not one single hearing into a fraudulent commitment.**

HABEAS CORPUS PETITION (37)

7. Ground 2 or Ground **15** *(if applicable):*

(XX) (38)

11-12.1

My **court-appointed counsel** has violated my Due Process Rights secured by the 15th and 29th state amendments and 5th and 14th Amendments in his **refusal to disclose** to me the complaint add discovery items.

a. Supporting facts: (civil rights complaint page 16 claim (3))

My court-appointed counsel Eric M. Hove *has been negligent to my Due Process Rights as well as a gross misrepresentation.* I've discovered the fact that he is a *former prosecutor* and he has confirmed that. Omar (appointed investigator) told me he became a defense attorney *very recently in March '07.* It seems that *he is still very loyal to prosecutors as he has repeatedly failed to deliver assistance.* I've *repeatedly requested a copy of the complaint, police report, the* **"exonerating text files on my illegally seized laptop"** *as well as copies of Dr. Singh and Samuel's reports.* He has always been *an insult to my intelligence* by repeatedly promising to conduct questioning *and investigations, to no avail!* In order to win my trust *he talks the talk but doesn't walk the walk.* He is a fake who *has done nothing but fraudulently suspend proceedings and continued to insist I waive time!* **(see attachment)**

b. Supporting cases, rules, or other authority:

CA Art. 1815, CA Art. 1929, 5th & 14th Amendments. **Penal Code § 1054.1,** under **CA Art. 1§ 14"**, shall immediately give the defendant a copy of the complaint." under **CA Art. 1§ 28(d)"** relevant evidence shall not be excluded in any criminal proceeding." (see page #11 for original request)

✻ REF: MY DOCUMENTS/START OF IT ALL.TXT, PARTIAL REFUND REQUEST.TXT, LAST.TXT
(on my Mac Book [illegally seized])

MC-275 (Rev. July 1, 2005)    **PETITION FOR WRIT OF HABEAS CORPUS** (?)

(39)

(Ground 15 cont.) Kotteakos v. United States 328 U.S 750. Brecht v. Abrahamson 507 U.S. 619 (a deliberate and especially serious error or one combined with a pattern of prosecutorial misconduct might warrant habeas relief even if it did not "substantially influence" the jury's verdict) (Williams v. Taylor 529 U.S 362 (Mr. Williams found a violation of clearly established federal law and/or the Constitution, and showed the court he had suffered harm from this violation.) Jermyn v. Horn 266 F.3.d 257 (finding that defendants counsel had been ineffective for failing to conduct a adequate investigation, and that state courts decision to the contrary was objectively unreasonable.) Brady v. Maryland 373 U.S 83 (upon request by the defense, prosecutor must turn over evidence to the defense if there evidence is exculpatory, impeaching or material) (The Court held that suppression of evidence favourable to accused upon request violated the Due Process Clause of 14th Amendment.) 335 f.2d 491 (Suppression of evidence by prosecution in criminal case as vitiating conviction under principle of due process law.) Paul Dean Parker ET AL. v. The Municipal Court of the Salinas Judicial District of Monterey County (peremptory writ practice dismissal of complaint on violations of state and federal speedy trial right). The D.A. and police have suppressed exculpatory evidence which clearly shows cause to "harassment, fraud, blackmail, coercion, a conspiracy, and entrapment." I wrote of even before my illegal arrest. Prosecutors have refused to disclose this material, and Eric M Hove has taken the role as a prosecutor also suppressing this material. They are refusing to disclose the contradictory police report, complaint and doctor's reports. I've been falsely imprisoned since August '07 without being given a single legal document! How am I not prejudiced by this atrocity the detrimental effects of the objectively disputed excessive lapse of time before ever a preliminary hearing, which is used to show why one should be detained? **Pagtakhan v. Foulk must show habeas corpus relief due to machine gun repitition denial of pre-preliminary detainee's due rights.**



7. Ground 2 or Ground 16 (if applicable):                                      11-12.1

The **District Attorney** is perpetrating a ***malicious p-rosecution*** in their *excessive felony charges* in place of probable *misdemeanor* offenses displaying *misconduct* in their *fraudulent* failure to commence proceedings.

a. Supporting facts: (civil rights complaint page 25 line 2 on)

I was arrested for seeking a truce, return of my $2,000, or to have a boxing match with Kafu in the ring. This was late afternoon, and I left the lot across the street from the Hayward gym in peace. Roland and Shannon invited me to the [back] facility to sign a release contract and pick up a return of my money. I even spoke with Roland on the way back that night in which he assured me "no tricks". I was maliciously apprehended in a unnecessary display of force. The D.A. is now maliciously charging me with excessive felonies in hopes I take a plea bargain. They **have failed to show cause** and committed abuse of process to suspend proceedings. Probable cause leans towards the more applicable misdemeanors of PC 412, Boxing, PC 415, Fighting; noise; offensive words, PC 653m, Telephone calls or contact by electronic communication device with intent to annoy, rather than felonies.

b. Supporting cases, rules, or other authority:

CA Art. 1 §1, CA Art. 1 §15, CA Art. 1 §28(d), 5th /6th /14th (1) Amendments, *Penal Code §412, §415, §653m,* supporting evidence includes: 2 pairs of boxing gloves & cel-l phone. •*Failure of prosecution's abiding of CA Art. 1 §14 undermines the integrity of felony prosecution.* see attachment pages #29(a), 29(b), 56 for related case law.

MC-275 (Rev. July 1, 2005)                 PETITION FOR WRIT OF HABEAS CORPUS (1)



11-12.1

7. Ground 2 or Ground __17__ (if applicable):

The **District Attorney**, Court, counsel, and doctors have commited me to harass and gain a tactical advantage and **compel me to accept false and fraudulent reports, medication, and a deal.**

a. Supporting facts: (civil rights complaint page 25 line 11 on)

On 2/7/08 I was admitted into Napa State Hospital. Upon meeting Dr. Frishman he tells me court appointed doctors have diagnosed me "delusional." A suprise I tell him its a **misdiagnosis**. On 2/14/08 he says they find no reason to that. (SEE ATTACHED HOSPITAL COMPLAINTS) On 3/6/08 he suprises me proclaiming they are "excercising the delusional diagnosis." I **object** as I come to learn that the Court has CRIMINALLY LIBELOUSLY diagnosed me as "suffering from erotimania, erotic delusions." I am a 29 year old **virgin** male whose chasity includes **never** of having penetrated a female with any finger, **never** have had oral sex performed on me, **never** being with a female. This **psychological abuse and harrasment** initiated by the Court is SADISTIC and has continued on 3/20/08. I will continue to **object** to prosecutor's **disgusting** "**diagnosis**" in WHICH THEY ARE RELYING and refuse to take medication that will effect my pea-

b. Supporting cases, rules, or other authority:

ce of mind already suffering from the **deviously SADISTIC** ways of County employees! They are torturing me with thoughts of sex and accusing me **libelously** of being pervert! This IS NOT TREATMENT BUT HARRASMENT instituted by the parties started and a fraudulent diag-

7. Ground 2 or Ground **17** (if applicable):

(continued) nasis for the prosecution to gain a t-actical advantage. **obtaining time to prepare and present a perverted case to the Court.** Court appointed doctors evaluations <u>were based on</u>

a. Supporting facts:

uncontested, uncredible, and false accusations on a **CONCEALED *FALSE POLICE REPOR-T!*** Any respectable investigation, and disection of this petition, attachments, and references will show and conclude, <u>I was victimized (and psychologically tormented) by a sadistic and scandalous mob. This has been continued by *those who are supposed to uphold justice,* and others who are supposed to *treat the ill*</u> I've a stable, sane, and peace of mind *despite normal anxiety and stress inflicted by injusti-ce and slander.* I'm in great physical shape enj-oying the fresh air. I've been in **TOTAL SOB-RIETY for 17 months** and ***DO NOT need drugs.*** **PC1370 is being abused** in my case (as I've witnessed in others) to compel me to accept the fraudulent practices of my *dump-truck lawyer* IN HOPES I TAKE A PLEA BARGAI-

b. Supporting cases, rules, or other authority:

N. My doctor is undoubtedly *performing di-scovery for prosecutors in which he may ma-tter of factly misconstrue what I say to hi-m.* They treat and speak to you as you were guilty, discouraging you from fighting your case. B. In violation of 5th, 6th, and 14th Federal Law.



(Ground #7 cont.) *Patterson v. United States*, 32 U.S. 750, *Brecht v. Abrahamson*, 507 U.S. 619 (a deliberate an especially serious error, or one combined with a pattern of prosecutorial misconduct might warrant habeas relief even if it did not "substantially influence" the jury's verdict), *Williams v. Taylor*, 529 U.S. 362 (Mr. Williams for new evidence of violation of both the federal law and/or the constitution, and showed the court he had suffered prejudice from this violation) *Kyles v. Whitley*, 514 U.S. 356 (finding that the question of the constitutionality of the issues involved was a good excuse for "cause" of a "denial") *Sivak v. California*, 971 F.2d 1113 (holding this petitioner more over there district competency hearing warrants habeas relief in the abstract was not harmless error) *Rock v. Arkansas*, 483 U.S. 44 (holding that defendants have a fundamental "constitutional" right to testify in their own behalf) *Bell v. Cone*, 535 U.S. 685 (where petitioner is denied counsel at a "critical stage" in the proceedings), *Godinez v. Moran*, 509 U.S. 389 (the court's standard for review legal competency is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him", *Chapman ET AL v. California* (Supreme Court held that the "machine due repetition of a denial of the constitutional rights deserves, and calculated to imply petitioner's version of the evidence worthless", *United States v. Marion*, 404 U.S. 307 (notice that pre-trial delay used to harass and gain a tactical advantage over a defendant may violate due process if the defendant's right to a fair and impartial trial may be impaired)

**Fact #1:** I was deemed competent enough to and my lawyer opted to stay in the trial. **Fact #2:** It took 3.5 months before I was admitted into a state hospital, after prosecution had a fraudulent commitment. **Fact #3:** Continuously do I pass "competency issues" test." **Fact #4:** If I could raise my I.C., or does life "over power". *Bagtakhan v. Foulk* must rule a pre-trial delay deviously committing an individual by abuse of PC1368 & PC1370, as a tactic to prolong a preliminary hearing, unconstitutional.

7. Ground 2 or Ground **18** *(if applicable):* (28) (44)

The Superior Court **violated my right to compete-nt and conflict-free counsel** protected by the 15th state amendment and 6th Amendment by acts of malpractice and fraud performed by counsel

a. Supporting facts: (civil rights complaint page 16 claim (3))

In Sept. '07 I passed competency exam by Brad Novak. On 2/8/08 I passed a compet-ency assesment by Dr. Cristiano. On 2/14-08 during my Wellness & Recovery Planning conference he proclaims "I did very well on *them*." I'm then given a I.Q. test by "Dr. C" on 2/15/08 he compliments me saying that *my* I.Q. is "ABOVE AVERAGE, close to *NEAR SUPERIOR*" as I scored 118. Besides the *misdiagnosis* of other doctors (SEE STATE HOS-PITAL COMPLAINTS) whi-ch Eric. M. Hove *"refused to reveal and contest"* ( SEE ATTACHED LETTERS ) I'm competent. **He was absent on** ~~10/24,~~ **11/16, 12/14, I'm UNREPRESENTED on 11/2, and ab-sent 11/30.** On 1/31 he visits me promising to disclo-se all requested documents the *next morning.* **2/-5 he fails** *again promising to let sham Omar deli-ver them.* He asks the judge to sign the order he **(Hove) typed despite my "objections."** On

b. Supporting cases, rules, or other authority:

**all those occasions have I addressed the court.** Mr. Hove's actions were more than neglig-ent *and intentional.* PC 182 (a)(3), see attached complaints against County employees. **Rules of Procedure of the State Bar Title IV Part B 2.3** (this ground is complimented by others and attachments)

(45)



1  ((Ground 18 cont) Eric Musser Hove has neglected the simple cl-
2  aim that Chuck Witt had violated Judicial Council's Law on arres-
3  ting me when I was arrested without ever being served a deliber-
4  ately withheld restraining order APW affiliates themselves violated.
5  Eric Hove's plan on defending me he has stated that (1) we waive time,
6  (2) have a preliminary hearing (3) he'll visit me on "1" day before trial
7  to develop a line of questioning, and (4) he will not let me testify.
8  He has even insulted me putting my life less worthy than an "animal",
9  trying to feed me without it as he performs discovery for the D.A. (his
10  allegedley X employer) when he questioned me in a reply text messa-
11  ge regarding Victor Cirone, "ka fu", threatening me with his 150 lb. do-
12  gs I had sent. He has failed to investigate and I do no doubt the possibil-
13  ity of Hove siding with APW affiliates when he was supposed to question
14  them, then failing to tell me the truth of his and Council's foretold visit
15  to APW, yet instead withheld from telling me they actually went. Possibly
16  bribed by APW, as stated in "Prejudices Suffered." Please read claim (3)
17  on my federal lawsuit against Hove." Strickland v. Washington
18  466 U.S. 668 (standard for establishing ineffective as-
19  sistance of counsel is whether attorney's performan-
20  ce was objectively reasonable and whether defic-
21  ient performance prejudiced the defense), Jermyn
22  v. Horn 266 F.3d 257 (finding that defendant's co-
23  unsel had been ineffective for failure to con-
24  duct adequate investigation, and that state cou-
25  rt's decision to the contrary was objectively unr-
26  easonable), Brown v. Myers 137 F.2d 154 (ruling th-
27  at counsel failed to investigate an prosecute avail-
28  able testimony supporting petitioner's alibi), Alister-

Pagtakhan v. Foulk must rule extraordinary misconduct by court appointed counsel.

(Ground 18 cont.) v. Garrison 720 F.2d 812 (holding that defendant was denied effective assistance of counsel where counsel failed to object to evidence that the defendant exercised his right to remain silent) Burke v. Kansas 654 F.2d 544 (reasoning that defendants have a constitutional and statutory right to testify in their own behalf) Reilly v. Cone 535 US 685 (when petitioners is denied assistance at critical stage of the proceedings) Schell v. Witek 218 F.3d 1017 (reasoning that a trial court may consider the timely motion for new counsel by indigent defendant with appointed counsel) United States v. Calabro 467 F.2d 973 (defendant must show cause for rejecting his appointed counsel, such as complete breakdown in communication, a conflict of interest or irreconcilable difference) Wiggins v. Smith 539 US 510 (granting defendant's habeas claim for ineffective assistance at trial where counsel failed to investigate defendant's mitigating life history) McFarland v. Yukins 356 F.3d 688 (requiring defendant to go to trial with an attorney with a conflict of interest to defendant was violating federal established federal law) Cook v. United States 59 F.3d 296 (requiring an evidentiary hearing where petitioner alleged trial counsel abandoned defense strategy because of conflict of interest) United States v. Blaylock 20 F.3d 1458 (requiring evidentiary hearing where defendant claimed counsel's failure to inform defendant of government's plea offer constituted ineffective counsel) Williams v. Taylor 529 US 362 (Mr. Williams found a violation of clearly established federal law / the Constitution, and showed the Court he had suffered harm from this violation. **Fact #1** I have understood I wanted a speedy trial **Fact #2** Have conspired with deputy D.A. Jane Doe on **8/23/07** to suspend proceedings. **Fact #3** Have conspired with Thomas E. Samoa is to commit me during a back-to-back visit from the mcu **10/23/07. Fact #4** I objected to conclusions on **10/24/07. Fact #5:** I demand have to document take to stop fraudulent commitment. **on 11/15** he claims he can't. **Fact 6:** I demand a Pate hearing on **11/16/07. Fact 7:** Have breaks promises to disclose requested documents **and writes commitment order.**

7. Ground 2 or Ground __19__ (if applicable): (84)(47)

I'm being **falsely imprisoned** on untried char-
ges, *a result of multiple crimes committ-
ed against me* by the alleged victims, detec-
tive, counsel, doctors, the D.A. and Court.

a. Supporting facts: (civil rights complaint page 20 line 13-23)

On **1/19/08** I mailed 3 criminal complaints
to the Clerk of the court. On **1/23/08** I
sent copies to the District Attorney's
office. Both included letters. (see copies
of those complaints attached) They are cri-
mes *that have been committed against
me through the very eyes of those stat-
ed, under the omnipotent and knowing
eyes of thee, God of Israel and The Pro-
phet".*" I do not ask for their prosecut-
ion, **only that I am given justice** *upon
granting of this writ.* County employees
should however be diciplined. **The fac-
ts and evidence is before you** regardin-
g them. They only need admit fault. The-
y are in denial and walk with false prid-
e when amongst those who've witnessed
and know the truth. *Tis a bad faith prosecution.*

b. Supporting cases, rules, or other authority:

Proverbs 21:12. " The Righteous Man tak-
es note of the house of the wicked,
then brings the wicked to ruin. " Fed. Co-
nst. 5, Fed. Const. 6, Fed. Const. 14 (1), Ca.
Const. 1, Ca. Const. 14, Ca. Const. 15, Ca Con-
st. 28 (d), Malitiis hominum est obviandum.



(48)

1  (Ground 19 cont.) Reynolds v. Norris 86 F.3d 796 (failure to hold a judicial-

2  al competency hearing warrented due process), Williams v. Taylor 529 U.S. 362

3  (Mr. William's formula violation of clearly established federal law and/or the

4  Constitution, and approved the Court to find suffered harm from this violation),

5  Torres v. Prunty 223 F.3d 1103 (concluding a state court's findings of fact

6  was unreasonable under §2254(d)(2) if it was "conclusion only in a not

7  fairly supported by evidence in the record"), Frazer v. United States

8  18 F.3d 778 (entitling prisoner to evidentiary hearing unless files

9  and record of the case conclusively show that the prisoner is not

10  entitled to relief) House v. Bell 126 S.Ct. 2064 ("hi-

11  gher standard of review does not apply in c-

12  ases where there is a claim of actual inno-

13  cence"). PC13519.05 Stalking' training course and gu-

14  idlines 'in the training of law enforcement in California in

15  the handling of stalking complaints and also develop

16  guidlines for law enforcement response to stalk-

17  ing.' "guidlines shall stress law enforcemento-

18  f criminal laws in stalking situations, avaibili-

19  ity of civil remedies and community resources,

20  and protection of the victim." CH-135 CH150 re-

21  medies for stalking/threats/harassment appro-

22  ved by the Judicial Council of California ru-

23  le: "The *police cannot arrest* anyone for vio-

24  lating an order *unless* the person knows about th-

25  e order." "Someone must "serve" (give) the p-

26  erson to be restrained a copy of the order".

27  Pagtakhan v. Foulk must rule a finding of actual

28  innocence due to police and alleged victims misconduct.

HABEAS CORPUS PETITION (48)

(38) (49)

1   (attachment insert) <u>Prejudices Suffered</u>

2

3   <u>Resulting from **the** misconduct of</u>
4   <u>the detective, the District Attorney,</u>
5   <u>court appointed counsel and doctor-</u>
6   <u>s, and the Court **violating both Stat-**</u>
7   <u>**e and Federal statutes,** whether ne-</u>
8   <u>gligent or intentional, I, Marlon Est-</u>
9   <u>acio Pagtakhan **have suffered the**</u>
10  <u>**following prejudices :**</u>

11

12  • <u>**Anxiety suffered in myself and family.**</u>
13  <u>Anxiety comes natural to one who is fac-</u>
14  <u>ing criminal charges, and **more so** to one</u>
15  <u>who has been framed up and **slandered** a-</u>
16  <u>s myself. My family who were dependa-</u>
17  <u>nt on me financially, are now burdene-</u>
18  <u>d atop being witness to this **injustice.**</u>

19

20  • <u>Being subject to **public obloquy** whic-</u>
21  <u>h has **endangered** my person. In jail</u>
22  <u>do I suffer from public obloquy. Inm-</u>
23  <u>ates have spoken of and inquired me</u>
24  <u>regarding my case and those articles</u>
25  <u>published in papers, particularily the</u>
26  <u>Daily Journal. Misconstrued and fals-</u>
27  <u>e information was matter of factly disc-</u>
28  <u>losed. I've been shown the article pu-</u>

(36)
(50)

blished in 10/07 and was held to answ-
er for it. On page 6 of the attached le-
tter to the D.A. and Sheriff will yo-
u come to see how this resulted in m-
y being assaulted.

• Impairing my right to a fair and imp-
artial trial.
    • With the publication of misconst-
rued and false prejudicial informatio-
n in pre-trial slander and defamation.
(I requested a gag-order during my
arraignment and was never given a c-
hance to follow up when Eric M. Hove
conspired with the D.A. to suspend proc-
eedings.)
    • With the introduction of false
documentary and false evidence int-
o criminal and competency proceedings.
(These include the false police repo-
rt, fraudulent doctor reports see attach-
ed letter mentioned above, and text mes-
sages/emails I was told I sent that
are suspect, all of which have been
deliberately concealed from me.)
    • Powerlessness to exert my own in-
vestigative efforts to mitigate the
erosive effects of the passage of tim-

(27) (51)

1  e or compensate for incompetency o-
2  f court appointed counsel. (I am oppres-
3  sed from examining the police report, com-
4  plaint, doctors reports and alleged text
5  /email messages. I am oppressed from
6  questioning the detective and alleged
7  victims and witnesses. I am oppresse-
8  d from gathering physical and testamon-
9  ial evidence of alleged female victims
10  soliciting themselves sexually, i.e. sexu-
11  ally provacative material solicited from
12  one's myspace profile and an x-rated
13  scene of the other or someone identic-
14  al to her embedded/linked to one mem-
15  ber's user profile on her website, at a
16  point in time. I am oppressed from gathe-
17  ring testamonial evidence on my own b-
18  ehalf regarding my victimization of th-
19  e crimes suffered.)
20     • Curtailing my associations and tho-
21  se with witnesses through slander and
22  the passage of time. (The alleged victi-
23  ms are affiliates of an organization with
24  elements of a criminal mob, and will ha-
25  ve secured alibis for their conspiracy
26  and abuse/harassment of myself. Le-
27  aders of APW are given time to bribe
28  or command potential defense witnes-

1  ses, which is **evident practice** among
2  the organization. **Bribes may come**
3  **in the form of APW parties catered**
4  **with drugs and alcohol,** Warrior bask-
5  etball games with Roland, **groupies/**
6  **concubines** *hired by Roland and/or*
7  *Kafu,* and favoritism or participatio -
8  n in APW shows. SEE PAGE #29(b)
9  OF THE ATTACHMENT. Roland Alexande-
10  r spoke ill of me when I dropped out
11  and my associations to those who ma-
12  y have testified for me have been pre-
13  sently lost. Others who dropped out of
14  APW for other reasons of conflict h-
15  ave been lost, i.e. Doug and Devantee.)
16  STUDENTS ARE REWARDED FOR C-
17  OMPLYING AND PUNISHED FOR DIS=
18  OBEDIANCE.
19      • **Exonerating evidence has been los**-
20  t *and destroyed,* others may not be ret-
21  rievable. These include yahoo messeng-
22  er chat logs between Ms.Chif and mysel-
23  f from April '06 through July '06, ema-
24  ils between us, both as *online friends,*
25  a public post from Roland made on the-
26  APW message board **charging me an e-**
27  **xtra $4,000** because *I like her,* anoth-
28  er one proclaiming he and Kafu hired a

1  couple Brazilian girls for Billy Blade to
2  hook up with on his birthday, evidence
3  of Roland's **blackmailing and later ha-**
4  **rrassing and bombardment** of text me-
5  ssages, evidence of Kafu's **taunting**
6  **and mocking** text messages, eviden-
7  ce of Gabriel Ramirez's **bombardmen-**
8  **t** of text messages ***destroying exonem-***
9  ***ting evidence*** *saved as I had to erase*
10  *my phones memory for it to work,* **hara-**
11  **ssing phone call** logs from the above
12  and other affiliates to the lateness o-
13  f the night, **evidence of Melissa solic-**
14  **iting herself** online as previously ment-
15  ioned, and **others not in mind** atop my ti-
16  cket stubs to the Metro, Museum, Aq-
17  uarium, Sears Tower when I went to
18  see MsChif in Chicago *but shyed out*
19  *from meeting her "as friends",* beside-
20  s *the mysteriously missing* complaint ca-
21  rd *I was given when I reported Roland'-*
22  *s harassment and blackmail in January* '07.
23  (Please attach^read^ed news article regarding
24  "text messages" *by Jeff Karoub from*
25  the SF Chronicle)
26  _____
27  • **Drained financial resources and disrup-**
28  **ted employment.** Resulting from the

misconduct I've addressed, my financi-
al resources *have been drained* and
my family once dependent on me are
*now burdened.* Please see attached
**Claim Against The County.** Had my
bail not been excessively raised and
I'd been granted an O.R. release, *not*
*fraudulently committed,* I would not
have a disruption in employment and
would have been able to hire a compet-
ent attorney, ***working for me,*** not the
District Attorney. (see attached business plan)

• Deprived my fundamental interest in
liberty and Human Rights Art. 1, Art. 2,
Art. 3, Art. 4, Art. 5, Art. 6, Art. 7, Art. 8, Art.
9, Art. 10, Art. 11(1), Art. 11(2), Art. 12, Art. 13
(1), Art. 13(2), Art. 15(1), Art. 15(2), Art. 16(1),
Art. 17(1), Art. 17(2), Art. 18, Art. 19, Art. 20
(2), Art. 23(1), Art. 25", Art. 26(1), Art. 27(2),
and Art. 30. On 8/11/07 did I choose
to confront those who chose to oppres-
s me and had been framing me all alon-
g as my rights to liberty had been violat-
ed, I had the right to confront my accus-
ers. **For that was I arrested.** My Stat-
e, Federal, and Human Rights stated wer-
e violated prior and have continued after my arrest.

(X)
(55)

1  (attachment insert) **Prayer For Relief**

2

3  **Concluding** further investigation or

4  hearing on the grounds raised that

5  *should* be addressed *in person* which

6  are true and **in evident violation of**

7  **both State and Federal statutes,**

8  I, Marlon Estacio Pagtakhan **pray**

9  **that this** *higher court* **grant relief**

10  in a writ of habeas corpus **quashing**

11  **or dismissing the felony complaint**

12  case number NF369118A **and quash-**

13  **ing competency proceedings** case

14  number MH463328A (~~or to compel~~

15  ~~the said court to drop charges to a~~

16  ~~single count of PC§415 and to relea-~~

17  ~~se me on my own recognizance as~~

18  ~~I defend myself pro-per, as it was~~

19  ~~the only probable crime committed~~

20  ~~on 8/11/07~~ **hence** I was never issued

21  a restraining order nor were the gui-

22  dlines under PC13519.05 duely fol-

23  lowed by the Burlingame Police De-

24  partment). I also ask that relief

25  be granted compelling the District

26  Attorney and/or Superior Court

27  **to release all of my** *illegally seiz-*

28  *ed property* in the interest of justice.

MC-275

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☒ No.  If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): n/a

b. Result ____n/a____  c. Date of decision: ____n/a____

d. Case number or citation of opinion, if known: ____n/a____

e. Issues raised: (1) ____n/a____

(2) ____n/a____

(3) ____n/a____

f. Were you represented by counsel on appeal?  ☐ Yes  ☐ No. If yes, state the attorney's name and address, if known.
____n/a____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☐ No.  If yes, give the following information:

a. Result ____n/a____  b. Date of decision: ____n/a____

c. Case number or citation of opinion, if known: ____n/a____

d. Issues raised: (1) ____n/a____

(2) ____n/a____

(3) ____n/a____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

My court appointed attorney *is matter of factly* working in the interests of the prosecution.

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

I am challenging an **illegal arrest**, issues contributing to a **fraudulent commitment**, all of which are in gross violation of stated State and Federal Amendments overall **resulting in false imprisonment.**

b. Did you seek the highest level of administrative review available?  ☐ Yes  ☐ No
*Attach documents that show you have exhausted your administrative remedies*



(57)

MC-275

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ■ Yes. If yes, continue with number 13. ☐ No. If no. skip to number 15.

13. a. (1) Name of court: U.S. District Court, Northern District

(2) Nature of proceeding (for example, "habeas corpus petition"): habeas corpus petition

(3) Issues raised: (a) multiple due process and speedy trial violations

(b) fraudulent competency proceedings (**must exhaust**)

(4) Result (Attach order or explain why unavailable): dismissed without prejudice

(5) Date of decision: **December 20, 2007**

b. (1) Name of court: Superior Court, County of San Mateo

(2) Nature of proceeding: habeas corpus petition

(3) Issues raised: (a) **12 of 16** grounds erroneously unaddressed

(b) must show prejudice for relief

(4) Result (Attach order or explain why unavailable): summary denial

(5) Date of decision: **1|18|08,** sealed **1|24|08, recieved 1|27|08**

✓ c. For additional prior petitions, applications, or motions, provide the same information on a separate page. (next page)

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

no hearings held

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

I've been **prejudiced** by the oppressive nature of in-carceration. (**i.e.** law material access, mail delay, refusal of document disclosure)

16. Are you presently represented by counsel? ☐ Yes. ■ No. If yes, state the attorney's name and address, if known: This is a **pro-per petition** including "Application For Appointment Of Counsel".

17. Do you have any petition, appeal, or other matter pending in any court? ☒ Yes. ☐ No. If yes, explain: **Civil Rights Lawsuit under 42 U.S.C. §1983** (attached) I'm also preparing a RICO civil claim against APW.

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court: **Unreasonably denied** in Superior Court. (order attached), as well as the Court of Appeals **denying w/o an explanation.** (order and letter attached).

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: May 29, 2008 (11:30 pm)    ▶ Marlon E. Pagtakhan

(SIGNATURE OF PETITIONER)

(57)

(continued to another page)

(58)

1   (continued) Last Page of Habeas Petition

2

3   **13. c.** (1) Court of Appeal, First District

4       (2) habeas corpus petition

5       (3) none apparently addressed

6       (4) "The petition for writ of hab-

7           eas corpus is denied."

8       (5) April 15, 2008

9

10  Addendum to above:

11

12  I immediately wrote to Diana Herbert,

13  the Court of Appeal Clerk inquiring of

14  any reason for the denial. I also asked

15  for the process of appealing to the Sup-

16  reme Court. She (actually signed Mary

17  P. Quilez) claimed prohibition from prov-

18  iding an explanation of the court's order.

19  She advised addressing my questions

20  to the Supreme Court. I've sent a let-

21  ter inquiring of procedures but have

22  yet longed to recieve a reply. I pray

23  I've met the standard with this filing

24  by including a **fee waiver application**,

25  an **application for counsel**, and have add-

26  ed **federal case citations** I feel relat-

27  e to the legal theories I wish to ar-

28  gue. I'd have re-written this had I a typewriter.