United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON E. PAGTAKHAN, | No. C 08-2188 SI (pr) |
| Plaintiff, | **ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE THE CASE** |
| v. | |
| JOHN DOE, detective; et al., | |
| Defendants. | |

# INTRODUCTION

Marlon E. Pagtakhan, in custody at Napa State Hospital, has filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A. Several miscellaneous motions also are before the court for consideration.

# BACKGROUND

Criminal proceedings are pending against Pagtakhan in San Mateo County Superior Court. At some time after his arraignment but before his preliminary examination, his defense attorney declared doubt as to Pagtakhan's mental competency to stand trial. See Cal. Penal Code § 1368. The court suspended proceedings in the criminal case pending receipt of reports from doctors who were to examine Pagtakhan. After receiving two or three doctors' reports, the court declared Pagtakhan not mentally competent to proceed with trial. As a result, it appears that Pagtakhan is in Napa State Hospital pending a restoration of his competency. The criminal

proceedings remain suspended.

Pagtakhan's complaint asserts numerous claims concerning the criminal proceedings against him. He alleges that he was falsely arrested on August 11, 2007 and "framed" by a Burlingame police detective, Complaint, p. 4, as well as All Pro Wrestling, id. at 7. He alleges he was compelled to go through an interrogation without counsel and subjected to an unreasonable search. He further alleges that prosecutors have maliciously prosecuted him, his defense attorney has been deficient, and two of the examining psychiatrists engaged in malpractice and intentionally misdiagnosed him as incompetent. He contends that he has been "fraudulently committed" to a mental hospital as a result of the misdeeds of the defense attorney, the judge and the doctors. Id. at 25. Pagtakhan seeks an injunction that compels the district attorney to cease prosecution, compels the police department to release property belonging to him and his family, and compels a retraction of the competency reports by Dr. Singh and Dr. Samuels. Id. at 26-27. He also seeks damages.

After he filed his complaint, Pagtakhan filed a motion to appoint counsel, a motion for leave to amend, a motion to submit additional documentation, a motion to file documents on record, and a motion for federal injunctive relief.

## DISCUSSION

A.  Review Of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

2

violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint in this action has numerous problems. Most of the claims must be dismissed and what little part of the complaint remains must be stayed for the reasons discussed below.

First, defendant Judge Grandsaert has absolute judicial immunity for the acts alleged in the complaint, as the allegations concern decisions he made in presiding over the case and those are acts performed in his judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967). He is dismissed from this action.

Second, defendant deputy district attorney Steve Wagstaffe has absolute prosecutorial immunity for the acts alleged in the complaint, as the allegations concern his conduct as an advocate during the initiation of the case and its presentation to the superior court in the criminal case. See Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993); Imbler v. Pachtman, 424 U.S. 409, 431 (1976); see, e.g., Burns v. Reed, 500 U.S. 478, 490-91 & n.6 (1991) (prosecutors absolutely immune for their conduct before grand juries and in presenting evidence at probable-cause hearings for a search warrant). He is dismissed from this action.

Third, defendant Eric Hove, who was the appointed or retained counsel for Pagtakhan, cannot be sued in a § 1983 action for the acts alleged in the complaint. State court criminal defendants cannot sue their lawyers in federal court for most lawyer-type mistakes. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). Alternate defenders, who handle cases when the public defender is not available, also would not be acting under color of state law. Eric Hove is dismissed from this action.

Fourth, the requests for injunctive and declaratory relief are dismissed because of the pendency of the state criminal case. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or

1 declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-
2 54 (1971). The rationale of Younger also applies throughout appellate proceedings, requiring
3 that state appellate review of a state court judgment be exhausted before federal court
4 intervention is permitted. See Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th
5 Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court
6 proceedings still considered pending). Federal courts should not enjoin pending state criminal
7 prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute
8 challenged is "flagrantly and patently violative of express constitutional prohibitions." Younger,
9 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special
10 circumstances or irreparable harm that would justify federal court intervention). Nothing in the
11 complaint suggests there are extraordinary circumstances requiring this court's interference in
12 state court criminal proceedings.

13 Fifth, the claims for damages cannot go forward at this time because they would implicate
14 the validity of the criminal proceedings now pending. The case of Heck v. Humphrey, 512 U.S.
15 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful
16 conviction unless that conviction already has been determined to be wrongful. See id. at 486-87.
17 A conviction may be determined to be wrongful by, for example, being reversed on appeal or
18 being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck
19 rule also prevents a person from bringing an action that -- even if it does not directly challenge
20 the conviction -- would imply that the conviction was invalid. The practical importance of this
21 rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the
22 conviction must have been successfully attacked before the civil rights action for damages is
23 filed. Until last year, Heck-type claims by pretrial detainees were routinely dismissed as having
24 not yet accrued. However, last year, the Supreme Court announced that the Heck rule bars an
25 action only if there is an existing conviction. See Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007).
26 Heck does not encompass the principle that "an action which would impugn *an anticipated*
27 *future conviction* cannot be brought until that conviction occurs and is set aside." Wallace, 127
28 S. Ct. at 1098 (emphasis in original). Nonetheless, the claim should not go forward if the

4

1 plaintiff's criminal proceedings are still pending; rather, the court can "stay the civil action until 2 the criminal case or the likelihood of a criminal case is ended." See id. Here, the claims that the 3 arrest and prosecution as well as the competency proceedings done in connection with the 4 pending criminal prosecution violated Pagtakhan's constitutional rights relate to rulings that have 5 been or likely will be made in his pending criminal case. These claims should not go forward 6 because the plaintiff's criminal proceedings are still pending; rather, "it is within the power of 7 the district court, and in accord with common practice, to stay the civil action until the criminal 8 case or the likelihood of a criminal case is ended." See id. Accordingly, the court will stay 9 further proceedings in this matter until plaintiff's criminal proceedings have concluded.

### B.     Miscellaneous Motions

Pagtakhan applied for appointment of counsel. A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). In light of the dismissal of most claims and the stay of the action for all remaining claims until the criminal proceedings conclude, appointment of counsel is unnecessary at this time. The application for appointment of counsel is DENIED. (Docket # 4.)

Pagtakhan next filed a "motion requesting leave to amend complaint" but failed to file the proposed amended complaint with it. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires" but the court cannot make that determination without the proposed new pleading. See Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiff's request . . . [T]he court had nothing upon which to exercise its discretion.") The motion to amend therefore is DENIED. (Docket # 6.)

5

Pagtakhan's "motion to submit attached document as evidence" and "motion to file attached documents on record (for reference in case of retaliation)" are GRANTED. (Docket # 7 and # 8.) By granting these two motions, the court merely permits the inclusion of the submitted documents in the record and does not pass on the merits of those documents (which consist of a copy of a state habeas petition and a copy of a packet of materials for a civil action he apparently intends to file at some future date). Although the court has permitted the filing of those two documents, plaintiff is cautioned that the federal courthouse is not a depository or storage facility or him to send documents. He should not file any more documents in this action unless they are directly relevant to the issues in this case.

Pagtakhan's "request for federal injunctive relief and/or habeas corpus" is DENIED. (Docket # 10.) In light of the stay of this action, nothing further will take place in it – including the issuance of any injunctive relief – until the state court criminal proceedings have concluded. To the extent Pagtakhan wants to file a federal habeas petition, he may do so, but he must file it as a new action. Any habeas petition will receive a new case number and proceed separately from this civil rights action.

## CONCLUSION

For the foregoing reasons,

1.   Judge Grandsaert, Steven Wagstaffe and Eric Holder are dismissed. The claims for injunctive and declaratory relief are dismissed. The damages claims that remain must await the conclusion of the criminal case against Pagtakhan.

2.   This action is STAYED. If Pagtakhan is convicted and intends to proceed with his claims, within **thirty (30)** days of the date the criminal proceedings against him have concluded he must file a motion asking the court to lift the stay.[1] In light of the stay, Pagtakhan should not file any more documents in this action until the state court proceedings have

---

[1] If the stay is lifted and the court finds plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under Heck; if no such finding is made, the action will proceed at that time, absent some other bar to suit. See Wallace, 127 S. Ct. at 1098.

6

1 concluded.

2     3.    The clerk shall ADMINISTRATIVELY CLOSE the case.

3     4.    Each plaintiff other than Marlon Pagtkahan must file a completed in forma pauperis application no later than **October 31, 2008**. Any plaintiff who does not file the application by the deadline will be dismissed from this action, unless someone has paid the full $350.00 filing fee by that date. The clerk will send blank non-prisoner in forma pauperis applications to Joanna Pagtakhan, Sara Marie French and Puri E. Pagtakhan at the addresses listed on page 2 of the complaint.

    5.    Pagtakhan's application for appointment of counsel, motion to amend, and motion for preliminary injunction are DENIED. (Docket # 4, # 6, and # 10.) His motions to file two documents as exhibits are GRANTED. (Docket # 7 and # 9.)

IT IS SO ORDERED.

Dated: September 29, 2008

                                SUSAN ILLSTON
                                United States District Judge