UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON E. PAGTAKHAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE, detective; et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　／ | No. C 08-2188 SI (pr)<br><br>**ORDER FOR AMENDMENT OF CONSPIRACY-BASED CLAIMS** |

The court attempted to review the amended complaint pursuant to 28 U.S.C. § 1915(e), noted apparent statute of limitations and res judicata problems, and required Pagtakhan show cause why the claims against the Wrestling Defendants should not be dismissed from this action as time-barred and/or under the doctrines of res judicata and collateral estoppel. (Docket # 33.) Pagtakhan filed a response to the order to show cause. (Docket # 34.)

There are pleading deficiencies with regard to the conspiracy allegations that result in the amended complaint failing to state a claim against anyone based on a conspiracy theory. Those same pleading deficiencies also impact the court's ability to evaluate Pagtakhan's response to the order to show cause.

The amended complaint alleges in various places there was a conspiracy afoot against Pagtakhan, and Pagtakhan attempts to hold the Wrestling Defendants and others liable based on such a conspiracy. Of present concern to the court are Pagtakhan's attempts to plead claims about acts and omissions that occurred after his August 11, 2007 arrest. His cause of action #

33 is for false prosecution that appears to be based at least in part on a conspiracy theory, cause of action # 34 is for civil conspiracy to defame Pagtakhan, and cause of action # 37 is for a conspiracy to deprive Pagtakhan of his civil rights. For example, in cause of action # 37, Pagtakhan describes a number of unfavorable things that happened and then calls them the product of a conspiracy. The amended complaint does not adequately allege any conspiracy liability because the conspiracy allegations are mere conclusions. Conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989).

"'A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.'" *See Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (citation omitted). A civil plaintiff "'must show that the conspiring parties reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement.'" *Id.* (citation omitted). A conspiracy is not separate cause of action under California law and instead is a way to hold additional persons liable for torts committed by others. *See Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 784 (Cal. 1979). Similarly, a conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983, but "may enlarge the pool of responsible defendants by demonstrating their causal connections to the violation.*" Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc).

Leave to further amend the amended complaint will be granted so that Pagtakhan may attempt to plead conspiracy-based liability for the claims. Pagtakhan must file an amendment to his first amended complaint to attempt to provide non-conclusory allegations sufficient to state a claim based on conspiracy-based liability. As to each conspiracy he alleges existed, he should explain the role of each defendant in the conspiracy. He needs to allege with particularity who made an agreement with whom, when the agreement was made, what the agreement was, and what the purpose of the agreement was. He also needs to identify the role of each individual defendant in these conspiracy-based claims. Although the several persons

2

who were involved with Pagtakhan's wrestling career have been referred to by the court as the Wrestling Defendants for sake of convenience, Pagtakhan's pleading must address the liability of each individual member of that group individually and allege what each person did or failed to do that caused a violation of his rights, and explain the basis for each such person's liability.

The amendment must be filed no later than **February 1, 2013**, and should be captioned "Amendment to First Amended Complaint."  The amendment may not exceed fifteen pages in length and must be signed by all the plaintiffs.  An amend<u>ment</u>, as opposed to a second amend<u>ed</u> complaint, will not supersede the existing amended complaint and instead will be read together with it.   Failure to file the amendment by the deadline will result in the dismissal of the conspiracy allegations with prejudice.

IT IS SO ORDERED.

Dated: January 15, 2013

_____
SUSAN ILLSTON
United States District Judge

3