UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARLON E. PAGTAKHAN,

    Plaintiff,

    v.

JOHN DOE, detective; et al.,

    Defendants.

No. C 08-2188 SI (pr)

**ORDER OF SERVICE ON SOME DEFENDANTS**

## INTRODUCTION

This action was stayed more than four years ago because the claims in it called into question the validity of an ongoing criminal case against plaintiff Marlon Pagtakhan.[1] Upon Pagtakhan's report that the criminal charges against him had been dismissed, the court lifted the stay. Pagtakhan has filed an amended complaint and an amendment to that pleading. This order addresses the claims against all the defendants except the Wrestling Defendants, who were dismissed by separate order today.

## BACKGROUND

The first amended complaint ("amended complaint") is a 108-page document in which more than forty causes of action against thirty-five defendants are alleged. The following is a

---

[1] Pagtakhan's mother and sister are listed as "derivative victim" plaintiffs, although all but a few sentences in the pleadings are about Marlon Pagtakhan.

summary of the factual allegations: Pagtakhan wanted to be a professional wrestler so he signed up for a camp at the All Pro Wrestling school in Hayward. The people who operated and took part in the wrestling camp made statements and did other things that allegedly violated his state and federal rights from about July 2006 until August 2007. He wanted to drop out of the program (or the All Pro Wrestling operators wanted him to leave it), and a disagreement arose as to whether he was owed a refund or he owed further monies for the program. After Pagtakhan dropped out of the program, the All Pro Wrestling people conspired to have him falsely charged and arrested for a crime. Docket # 32, p. 36. On August 11, 2007, Pagtakhan was arrested in the parking lot across the street from the All Pro Wrestling gym in Hayward, after having been lured there under a ruse that he would receive a partial refund from the wrestling camp. *Id.* at 48. He was arrested at gunpoint by Burlingame police inspector Chuck Witt, who had been investigating him for months and conspiring with the All Pro Wrestling people to falsely arrest him. *Id.* at 48-49. Two Hayward police officers assisted in the arrest. *Id.* at 49. Pagtakhan thereafter was prosecuted and falsely imprisoned. Pagtakhan wanted a speedy trial, but his attorney declared a doubt as to his competency and the judge suspended the criminal proceedings to deal with the competency issues. *Id.* at 67. After Pagtakhan's arrest, the police searched his home and seized two computers. They later seized some model martial arts weapons. *Id.* at 66. Doctors "falsified and fabricated reports," and misdiagnosed Pagtakhan as delusional and incompetent. *Id.* at 9. Pagtakhan was transferred to Napa State Hospital and remained there for more than three years. Doctors at the hospital were negligent in their examinations and diagnoses of him. *Id.* at 12. On October 27, 2011, a jury found that he did not have a mental illness and was competent for trial. *Id.* at 9-10. Conservatorship proceedings were instituted against him but were unsuccessful. The criminal charges were dismissed on June 14, 2012. *Id.* at 6.

In a separate order filed today, the court has dismissed the Wrestling Defendants from this

action.[2] The dismissal included the dismissal of causes of action #s 1-15, 17-18, 20-25, and 31 in their entirety. The court now considers the claims against the remaining defendants in the first amended complaint (Docket # 32) and the amendment (Docket # 37) thereto.

## DISCUSSION

A.  Review of Amended Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The amended complaint (Docket # 32) and amendment (Docket # 37) are extremely repetitive, with many causes of action largely overlapping other causes of action. The plaintiffs also have made virtually no effort to align their allegations with the required elements of the dozens of claims for relief they have pled. Due to the verbosity and poor presentation of claims, the court concludes that the best way to proceed is to identify those claims that are stated, dismiss the claims that clearly cannot proceed, and order the pleading served on defendants.

---

[2] Defendants Roland Alexander (individually and dba All Pro Wrestling), Black Pants, Inc., Jason Deadrich, Melissa Deadrich, Chris Kelsey, Gabriel Ramirez, Shannon Ramirez, Victor Ceron, and Rachel Donaldson Collins were owners, operators or participants in the All Pro Wrestling organization and collectively are referred to as the "Wrestling Defendants."

Defendants then can challenge any perceived deficiencies in the pleading – as to both the claims the court has determined are cognizable and to claims the court does not discuss herein. This approach also will allow for early identification of any bars to relief that may exist based on the state court criminal proceedings, the conservatorship proceedings, and the civil action plaintiff has filed in state court that appears to have a substantial overlap with this action. Defendants can file motions for summary judgment at the same time or after any motions to dismiss.

### 1. Claims Stated

Giving the *pro se* amended complaint (Docket # 32), as amended by the amendment (Docket # 37), the liberal construction to such pleadings are entitled, the court finds that several claims for relief are stated:

Liberally construed, the allegations state cognizable claims for false arrest and false imprisonment against defendants Burlingame Police Department and Burlingame police inspector Chuck Witt. "'A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citations omitted).

Liberally construed, the allegations state a cognizable claim against the following defendants for malicious prosecution for the prosecution of the criminal case and the conservatorship proceedings: Burlingame police inspector Chuck Witt, Dr. Jatinder K. Singh, Dr. Thomas E. Samuels, Dr. Joel P. Leifer, Eric Hove, Christina Webb, Donald Weiher, and Lisa Mancini. The prosecutors have absolute prosecutorial immunity for the claims against them for malicious prosecution, as discussed later.

Liberally construed, the allegations state a cognizable claim for legal malpractice against Eric Hove. The allegations do not, however, state a claim actionable under 42 U.S.C. § 1983 because a public defender or alternative public defender does not act under color of state law when performing a lawyer's traditional functions, such as entering pleas, making motions,

4

objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).

Liberally construed, the allegations state cognizable claims for defamation, invasion of privacy and libel against James T. Fox, Elizabeth Hill, Melissa McKowan, Jane Doe Feldman, Stephen Wagstaffe and the San Mateo County District Attorney's Office.

2. <u>Dismissed Claims</u>

Some of plaintiff's claims can be dismissed. First, Pagtakhan's claims against the prosecutors – other than the defamation, invasion of privacy and libel claims – are dismissed because they have absolute prosecutorial immunity for their actions in charging and prosecuting the alleged crimes. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 490-91 & n.6 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also* Cal. Gov't Code § 821.6; *Farnam v. State of California*, 84 Cal. App. 4th 1448, 1458-59 (Cal. Ct. App. 2000) (Cal. Gov't Code § 821.6 codifies the recognized common law of immunity for prosecutor's discretionary decisions). Their prosecutorial immunity is not overcome by the conclusory allegations of a conspiracy. The prosecutorial immunity extends to the claims in cause of action # 41 for "general negligence," in which plaintiffs allege that the San Mateo County District Attorney's Office, James Fox, and Stephen Wagstaff were negligent in allowing the deputy district attorneys "to conduct a prosecution and initiate a criminal complaint . . . unsupervised and without process," and to allow the defamation of Pagtakhan by members of their office. Docket # 32, p. 102. These defendants had prosecutorial immunity for their alleged decisions relating to the prosecution of Pagtakhan. *See Van De Kamp v. Goldstein*, 555 U.S. 335, 344 (2009) (prosecutors absolutely immune for certain administrative obligations "directly connected with the conduct of a trial," such as supervision, training and information-system management, because these obligations "necessarily require legal knowledge and the exercise of related discretion").

5

The claim for entrapment (cause of action # 16) is dismissed without leave to amend. In this claim, plaintiff alleges that he was lured by trickery – i.e., a promise of a refund on his wrestling school fees – to the gym's parking lot on the night of his arrest so that he could be arrested. He allegedly had been at his sister's house, *see* Docket # 32, p. 40, and drove to Hayward, where he was arrested. This did not amount to entrapment. Entrapment is a legal term of art for a particular defense to a criminal charge. *See generally United States v. Spentz*, 653 F.3d 815, 818 (9th Cir. 2011) ("entrapment defense has two elements: "(1) the defendant was induced to commit the crime by a government agent, and (2) he was not otherwise predisposed to commit the crime"). Using a ruse to make a search or seizure also is not inherently violative of the Fourth Amendment. *See generally United States v. Alverez-Tejeda*, 491 F.3d 1013, 1015 (9th Cir. 2007) (where police had probable cause to seize the car in a drug investigation, Fourth Amendment was not violated by staged car accident and staged car theft to seize that car).

The claims for attempted murder and conspiracy to commit murder (causes of action # 19 and # 19(a)) are dismissed without leave to amend. In these claims, Pagtakhan alleges that when he arrived at the gym's parking lot and was looking for a parking spot, Burlingame police inspector Witt "jumped out of his hiding position with his loaded firearm and flashlight in hand," aimed it at Pagtakhan, and then yelled for Pagtakhan to stop the truck and get out with his hands up. Docket # 32, p. 49. Pagtakhan did as he was told and was arrested. In addition to Witt, there were police officers in two squad cars with their guns pointed at him, and an officer with a K-9 dog. *Id.* at 49-50. Pagtakhan alleges that he "was unarmed, not dangerous, nor a fugitive who fled a crime scene, nor was he in the commission of a crime." *Id.* at 50. Pagtakhan hypothesizes about what could have happened if he had reacted badly – e.g., if he sped off, Witt might have shot at him. *Id.* Pagtakhan's claim that his arrest by a police inspector at gunpoint was attempted murder is dismissed as legally meritless. *Cf. Muehler v. Mena*, 544 U.S. 93, 98 (2005) ("detention was, under [*Michigan v. Summers*, 452 U.S. 692 (1982)], plainly permissible"

6

1 where SWAT-attired police officers entered woman's bedroom, put her in handcuffs at gunpoint
2 and kept her in garage during search of residence for weapons and evidence of gang
3 membership); *United States v. Guzman-Padilla*, 573 F.3d 865, 885 (9th Cir. 2009) ("officers
4 with a particularized basis to believe that a situation may pose safety risks may handcuff or point
5 a gun at an individual without converting an investigative detention into an arrest"); *McNair v.
6 Coffey*, 279 F.3d 463, 466-67 (7th Cir. 2002) (arrest for traffic offenses at gunpoint and with
7 police in eight squad cars as back-up did not violate the Fourth Amendment).

8 The allegations that attempt to hold persons liable based on their involvement in conspiracies fail to state conspiracy-based liability because the allegations of conspiracies are mere conclusions. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989).

A claim for an equal protection violation is not stated. In cause of action # 39, "discrimination in commission of causes of action," Docket # 32, p. 98, Pagtakhan alleges that defendants discriminated. "To state a § 1983 claim for violation of the Equal Protection Clause '"a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). Defendant Witt's actions and defendant Hove's actions allegedly were because they were white and Pagtakhan was Filipino. *See* Docket # 32, ¶. 99-100. Even with liberal construction, the allegations do not state a cognizable equal protection claim for racial discrimination because there is no non-conclusory allegation of intent or purpose to discriminate against plaintiff based on his race. Pagtakhan also alleges that Witt described Pagtakhan's "recitation of verses from the Holy Quran which was recorded by extremely 'white' Shane Mai as 'screaming in some foreign language threatening people,' which is cause for religious discrimination atop the apparent racial preferences." Docket # 32, ¶. 99-100. This allegation is not enough to state a cognizable claim for a violation of Pagtakhan's right to equal protection, as it does not suggest any intent or purpose to discriminate on the basis of his

7

religion.

Pagtakhan's claims against inspector Witt and the Burlingame Police Department for failing to adequately investigate and arrest the Wrestling Defendants for their alleged misdeeds against him are dismissed without leave to amend. *See* Docket # 32, p. 7. The Due Process Clause does not generally confer upon the state affirmative duties of care and protection with respect to private citizens. *See DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 197 (1989); *see, e.g., Castle Rock v. Gonzales*, 545 U.S. 748, 768 ( 2005) (the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause). The two limited exceptions to *DeShaney* – the "state-created danger" doctrine and the "special relationship" doctrine – do not apply under the facts alleged.

Pagtakhan's claims labeled "Cause of Action (D) 'Pursuant 42 USCS § 1983' & Cause of Action (E) 'Professional Malpractice,'" Docket # 32, p. 11, are dismissed as improperly joined. Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." The defendants for these two causes of action that pertain to his care at the mental hospital are different from the defendants in the other causes of action. The claims are not based on the same transaction or occurrence or series of transactions and occurrences as the other claims in the amended complaint; and there are not questions of law or fact common to all of the defendants. The defendants for these two causes of action do not satisfy the joinder requirements under Rule 20(a)(2) with the claims against the several other defendants. The improper joinder problem can be solved by merely dismissing the improperly joined parties. *See* Fed. R. Civ. P. 21. Accordingly, the court dismisses defendants Dave Weibel, Nazanin Elahi, Shawna Leppert, Amarpreet Sing, and Anish Shah from this action. The dismissal of

these improperly joined parties is without prejudice to plaintiff filing a new action asserting claims against those persons in state or federal court.

B. <u>Miscellaneous matters</u>

Plaintiff Joanna Estacio Pagtakhan is dismissed from this action. She did not sign the first amended complaint. She also did not sign the amendment to the first amended complaint, even though the court specifically directed that it had to "be signed by all the plaintiffs." Docket # 35, p. 3.

The amended complaint is extremely long-winded and repetitive. The amendment to the amended complaint is 26 pages long, notwithstanding the court's specific order that it was not to exceed 15 pages. *See* Docket # 35, p. 3. Plaintiffs are now informed that the court will not accept any further documents that fail to comply with the court's page limits and formatting requirements.[3] Plaintiffs also may not circumvent the page limits by incorporating by reference other documents.

**CONCLUSION**

1. The complaint, liberally construed, states cognizable claims against the following defendants: Burlingame Police Department, Burlingame police inspector Chuck Witt, Dr. Jatinder K. Singh, Dr. Thomas E. Samuels, Dr. Joel P. Leifer, Eric Hove, Christina Webb,

---

[3]Northern District of California Local Rule 3-4(c)(2) provides: "Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations. Typewritten text may be no less than standard pica or 12-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch. Printed text, produced on a word processor or other computer, may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman). The text of footnotes and quotations must also conform to these font requirements."

The local rules also impose page limits: motions may not exceed 25 pages, oppositions may not exceed 25 pages, and reply briefs may not exceed 15 pages. *See* N. D. Cal. Local Rule 7-2(b), 7-3(a), (c).

Donald Weiher, Lisa Mancini, James T. Fox, Elizabeth Hill, Melissa McKowan, Jane Doe Feldman, Stephen Wagstaffe and the San Mateo County District Attorney's Office. Defendants Dave Weibel, Nazanin Elahi, Shawna Leppert, Amarpreet Sing, and Anish Shah are dismissed from this action.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following defendants, whose addresses may be found at pages 4-5 of Docket # 32:

- Burlingame Police Department
- Burlingame police inspector Chuck Witt
- Dr. Jatinder K. Singh
- Dr. Thomas E. Samuels
- Dr. Joel P. Leifer
- Eric Hove
- Christina Webb
- Donald Weiher
- Lisa Mancini
- James T. Fox
- Elizabeth Hill
- Melissa McKowan
- Jane Doe Feldman
- Stephen Wagstaffe
- San Mateo County District Attorney's Office

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **August 16, 2013**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiffs a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **September 13, 2013**.

Plaintiffs must bear in mind the notice and warning regarding summary judgment provided later in this order as they prepare their opposition to any motion for summary judgment. Plaintiffs also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as they prepare the opposition to any motion to dismiss.

        c.     If defendants wish to file a reply brief, the reply brief must be filed and served no later than **September 27, 2013**.

    4.     Plaintiffs are provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

    5.     All communications by plaintiffs with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiffs may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    6.     Plaintiffs are responsible for prosecuting this case. Plaintiffs must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b).

7. Plaintiffs are cautioned that they must include the case name and case number for this case on any document they submit to the court for consideration in this case. Plaintiffs are further cautioned that all plaintiffs must sign all documents they file. Of course, a declaration need not be signed by all plaintiffs and is only to be signed by the declarant.

IT IS SO ORDERED.

Dated: June 17, 2013

_____
SUSAN ILLSTON
United States District Judge