UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON E. PAGTAKHAN, | No. C 08-2188 SI (pr) |
| Plaintiff, | **ORDER PERMITTING FURTHER WRITTEN OPPOSITION TO PENDING MOTIONS, AND VACATING HEARING DATES** |
| v. | |
| JOHN DOE, detective; et al., | |
| Defendants. / | |

There are now pending four motions to dismiss (Docket # 43, # 46, # 55, and # 59), a motion for summary judgment (Docket # 58), and a motion for judgment on the pleadings (Docket # 66) from the several defendants remaining in this action. Plaintiffs' opposition briefs were due on September 13, 2013. Plaintiff Marlon Pagtakhan filed a 3-page "objection & opposition to defendants' motions" that had a very cursory argument about the motions, and stated that he would "move for oral argument on the said [hearing] date regarding such motions should this Honorable court [tentatively] entertain the notion of granting the said motions submitted, *whether in full or in part*." Docket # 64 at 1 (second brackets and italics in source). Plaintiff's proposed plan of action is unacceptable.

This court does not use a tentative ruling system. A party who chooses to wait for the court's indication on a motion does so at his own peril because this court will issue only the final ruling on a motion, after which time it will be too late to submit any argument with regard to that ruling. Here, the court set a briefing schedule for the dispositive motions, and plaintiff was

required to include all his arguments in his written opposition. He is not permitted to simply wait until a hearing is held or until after the court rules to make his arguments known to the court, if he wants those arguments to be considered.

Out of an abundance of caution, the court will give plaintiff another opportunity to file any opposition brief(s) he wishes to file. Plaintiff must file and serve his opposition brief(s) no later than **October 18, 2013**. If plaintiff does not file any opposition brief(s), the court will consider plaintiff's three-page objection/opposition at Docket # 64 to be the only opposition to defendants' motions. The opposition brief(s) must comply with the page and formatting limits set forth in the court's order of service, *see* Docket # 39 at 9 & n.3. Plaintiff may file a separate opposition brief for each pending motion, or may file a single opposition brief addressing all of the motions. However, if he files more than one opposition brief, he must limit the argument in each opposition brief to only one motion and must specify the motion to which the argument relates on the first page of such an opposition – for example, he could label a brief as an "opposition brief to Hove motion to dismiss at Docket # 43." Defendants must file and serve any reply briefs no later than **November 1, 2013**.

The hearing dates set for the motions to dismiss, motion for summary judgment and motion for judgment on the pleadings are now VACATED. The pending motions will be resolved on the written briefs from the parties, without an oral argument.

The objection/opposition that was filed was signed only by plaintiff Marlon Estacio Pagtakhan. The two other remaining plaintiffs, Purificacion Pagtakhan and Sara Marie French, failed to sign the document. The court has twice cautioned that all documents from plaintiff must be signed by all plaintiffs, and will not do so again. *See* Docket # 35 at 3; Docket # 39 at 12. All the plaintiffs must sign all the filings because plaintiff Marlon Pagtakhan cannot represent co-plaintiffs or sign court filings on behalf of other plaintiffs. *See generally Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). Plaintiff Purification Pagtakhan is now

notified that she will be dismissed from this action if she does not sign every document filed by the plaintiffs. Plaintiff Sara Marie French is now notified that she will be dismissed from this action if she does not sign every document filed by the plaintiffs.

      Finally, the court notes that plaintiff Marlon Pagtakhan's decision to wait for a tentative ruling and the other plaintiffs' failure to sign the limited objection/opposition that was filed reflect a failure to follow court orders. Even though they are proceeding *pro se* plaintiffs must comply with court orders and Local Rules. Failure to comply with court orders and Local Rules can result in monetary and non-monetary sanctions being imposed on a party.

      IT IS SO ORDERED.

Dated: September 23, 2013

                                                SUSAN ILLSTON
                                                United States District Judge