UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARLON E. PAGTAKHAN; et al.,

    Plaintiffs,

    v.

JOHN DOE, detective; et al.,

    Defendants.

No. C 08-2188 SI (pr)

**ORDER RE. SERVICE OF MOTION TO DISMISS**

Defendants Chuck Witt and Burlingame Police Department filed a motion to dismiss the second amended complaint on January 2, 2014, and mailed it to plaintiffs by certified mail with return receipt requested. Plaintiffs have filed a notice in which they assert that they did not receive the mail, and that Marlon Pagtakhan did not receive a notice of the attempted mail delivery until January 23, 2014, by which time it was too late to claim the mail from the U.S. Postal Service.

In order to move this case toward resolution, the court now sets the following schedule: Defendants must cause a copy of their motion to dismiss and all supporting documents (i.e., Docket #s 85-97) to be hand-delivered to plaintiffs' residential address no later than **February 12, 2014**, and must file a proof of service showing that the documents have been hand-delivered to that address. It is up to plaintiffs to be certain that someone is at the residence to accept those documents or to assume the risk that documents left at the house will be there when they return. Plaintiffs must file and serve their opposition to the motion to dismiss no later than **February 28, 2014**. Defendants must file and serve their reply (if any) no later than **March 10, 2014**.

1 The court is concerned that plaintiffs' assertion that they did not receive defendants' motion or notice of an effort to deliver it might not have been made in good faith or is a delaying tactic in light of the fact that they should have at least received the court's January 24, 2014 order setting a briefing schedule on that motion, yet waited until February 5, 2014 to file a notice asserting their non-receipt of the motion. Therefore, *each plaintiff* must submit a separate declaration under penalty of perjury that answers these questions: (1) on what date did you personally first see a notice from the U.S. Postal Service in January 2014 that the U.S. Postal Service had attempted to deliver one or more parcels and/or certified mail to 512 South Idaho Street in San Mateo? (2) on what date did you first see the January 24, 2014 Order Re. Briefing On Pending Motion To Dismiss? (3) what steps did you take to obtain the parcel(s) and/or certified mail after receiving notice(s) from the U.S. Postal Service that it had attempted to deliver one or more parcels and/or certified mail to the address? and (4) did you look at or otherwise access the court's electronic docket for this case between January 1, 2014 and January 25, 2014, and, if so, when? Each plaintiff must file a declaration no later than **February 17, 2014**; failure to file the declarations by that deadline may result in sanctions against one or more plaintiffs.

Plaintiffs are cautioned that, when the court sets a deadline for a document to be filed, that deadline is the date by which the document must be filed at the court, not simply put in the mail to the court. If plaintiffs want to mail in a filing, they must deposit it in the mail at least a day or two in advance of a filing deadline to ensure that it gets to the court by the filing deadline.

IT IS SO ORDERED.

Dated: February 6, 2014

_____
SUSAN ILLSTON
United States District Judge

2