UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON E. PAGTAKHAN; et al., | No. C 08-2188 SI (pr) |
| Plaintiffs, | **ORDER OF DISMISSAL** |
| v. | |
| JOHN DOE, detective; et al., | |
| Defendants. | |

## INTRODUCTION

Defendants Chuck Witt and Burlingame Police Department have filed a motion to dismiss the second amended complaint. Plaintiffs Marlon Pagtakhan and his mother, Purificacion Pagtakhan, have opposed the motion to dismiss. Plaintiffs also have requested that plaintiff Sara Marie French be dismissed from this action. For the reasons discussed below, the court will dismiss Sara Marie French and grant defendants' motion to dismiss the second amended complaint. With that done, all the claims against all the defendants have been adjudicated and a final judgment will be entered.

## BACKGROUND

The details of this very wide-ranging action are described in earlier orders and will not be repeated here. *See, e.g.,* Docket # 38 at 1-5 and Docket # 79 at 1-3. Before turning to the second amended complaint, it is necessary to summarize the first amended complaint and some procedural history.

With regard to the remaining two defendants, the *first* amended complaint alleged that, following Burlingame police inspector Chuck Witt's investigation, Marlon Pagtakhan was arrested by Witt on August 11, 2007 and charged with several stalking crimes. Witt allegedly improperly investigated him, wrongfully arrested him, filed false reports against him, and provided false testimony at the grand jury hearing. Claims were alleged against Witt for false arrest, false imprisonment, and malicious prosecution of the criminal case and conservatorship proceedings; and claims were alleged against the Burlingame Police Department ("BPD")[1] for failing to properly train and supervise Witt, and negligently failing to investigate Pagtakhan's complaints about other people at the wrestling school he attended.

The court dismissed most of the claims in the first amended complaint against Witt and BPD and granted plaintiffs limited leave to amend:

> Pagtakhan's causes of action against Witt pertaining to the events leading up to the arrest, the arrest itself, and the alleged false imprisonment already have been litigated fully in state court. Res judicata bars Pagtakhan from relitigating those claims. Two important caveats: First, the claims barred by res judicata are only the claims against Witt. The dismissal of BPD in the state court action was due to Pagtakhan's failure to file a motion to amend to add BPD as a party, and that is not a judgment on the merits. Second, the claims barred by res judicata are the claims against Witt pertaining to the events leading up to and including the arrest, and the alleged false imprisonment resulting from the arrest. The malicious prosecution claims against Witt and BPD are not barred by res judicata. . . .
>
> There is a rather small portion of Pagtakhan's suit that has not been disposed of by this order and the earlier orders. All that remains are his claims against Witt and BPD for malicious prosecution. Pagtakhan must allege those claims in his second amended complaint if he wishes to pursue them.

Docket # 80 at 17. The court then described the elements of a malicious prosecution under state law and § 1983, described what plaintiffs needed to do to plead municipal liability for a § 1983 claim, and provided specific directions for preparing the second amended complaint. *Id.* at 17-18.

---

[1] This defendant identifies itself as "City of Burlingame (sued erroneously as Burlingame Police Department." *See* Docket # 85 at 1. The municipal defendant will be referred to as Burlingame Police Department or BPD, for sake of consistency with earlier orders.

Plaintiffs then filed a *second* amended complaint.[2] The second amended complaint has two causes of action: one labeled "malicious prosecution" and another one labeled "42 USCS § 1983 Vs. The B.P.D." Docket # 84 at 3, 4. In the malicious prosecution claim, plaintiffs allege that defendants Witt and BPD "maliciously, and without probable cause therefor, caused M. P. to be arrested without a warrant beyond their 500-yard jurisdiction in Hayward, Ca and they charged him with multiple counts of stalking and criminal threats." *Id.* at 3. The second amended complaint then lists various problems with the investigation, arrest and interrogation of Marlon Pagtakhan. The second amended complaint also urges that the defendants "could have moved to dismiss these charges sooner." *Id.* The pleading further alleges that plaintiff Marlon Pagtakhan was improperly detained for 58 months after he refused a plea offer. *Id.*

In the claim labeled as a § 1983 claim, plaintiffs allege a claim rather different from the claims alleged in their earlier pleadings. To the extent the court understands it, they assert that computers unlawfully seized by Witt and the BPD Department upon Marlon Pagtakhan's arrest have not been returned to plaintiffs in their original condition. The non-return allegedly is because, "as articulated to PAGTAKHAN (by Chief Wood & Officer Vegas of the B.P.D. in June 2012), [the BPD] has a policy that all electronic devices held as evidence must be wiped clean 'as per D.A.'s order.'" *Id.* at 4.

**DISCUSSION**

A.   Legal Standards

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted." A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). The court "must accept as true all of the factual

---

[2] At the time, there were three plaintiffs remaining in this action. All but a few sentences of the pleadings were about acts and omissions relating to Marlon Pagtakhan. His mother (Purificacion Pagtakhan) and sister (Sara Marie French) were listed as "derivative victim" plaintiffs. After filing the second amended complaint, plaintiffs requested the dismissal of plaintiff Sara Marie French.

3

allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must construe *pro se* pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). The court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended*, 275 F.3d 1187 (9th Cir. 2001). In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

B.  Analysis

    1.  Malicious Prosecution Claim

In California, the elements of a malicious prosecution claim are that the prosecution: (1) was initiated by or at the direction of the defendant and was pursued to a legal termination in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice. *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (citing *Sheldon Appel Co. v. Albert & Oliker*, 765 P.2d 498, 501 (Cal. 1989)). To allege a claim under 42 U.S.C. § 1983 based on an allegedly malicious prosecution, the plaintiff must further allege that the defendants prosecuted him with malice and without probable cause for the purpose of denying him equal protection or another specific constitutional right. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066-68 (9th Cir. 2004); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995); *Usher v. City of Los Angeles*, 828 F.2d 556, 561-62 (9th Cir. 1987).

Defendants Witt and BPD argue that the malicious prosecution claim must be dismissed because they have immunity against the claim under state law and the second amended complaint fails to state a § 1983 claim for malicious prosecution. The court agrees. It is unclear whether plaintiffs' malicious prosecution claim is brought under state law and/or § 1983, but it fails under either analysis.

California Government Code § 821.6 provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." "California

4

courts construe this provision broadly 'in furtherance of its purpose to protect public employees in the performance of their prosecutorial duties from the threat of harassment through civil suits.'" *Ciampi v. City of Palo Alto*, 790 F. Supp. 2d 1077, 1108-09 (N.D. Cal. 2011) (quoting *Gillan v. City of San Marino,* 147 Cal. App. 4th 1033, 1048 (Cal. Ct. App. 2007)). A police officer has immunity under § 821.6 against a claim for malicious prosecution. *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 756-57 (Cal. 1997). The malicious prosecution claim against inspector Witt must be dismissed because he has immunity under California Government Code § 821.6 against plaintiffs' state law claim for malicious prosecution.

Under California law, "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Cal. Gov't Code § 815.2(b). The combined effect of § 821.6 and § 815.2 results in the public entity having immunity from liability for the acts or omissions of its police officers and investigators who were its employees acting within the scope of their employment when doing the acts that caused them to institute or prosecute the malicious prosecution plaintiff. *See Amylou R. v. County of Riverside*, 28 Cal. App. 4th 1205, 1209 (Cal. Ct. App. 1994). Here, BPD's immunity follows from the immunity for its officers, including Witt. The state law malicious prosecution claim against BPD must be dismissed because BPD has immunity under § 821.6 and § 815.2(b) against plaintiffs' state law claim for malicious prosecution.

The second amended complaint also fails to state a § 1983 malicious prosecution claim against either defendant because it fails to allege that Witt and BPD prosecuted Marlon Pagtakhan with malice and without probable cause for the purpose of denying him equal protection or another specific constitutional right. The second amended complaint also fails to state a § 1983 claim for *Monell* liability against BPD for the alleged malicious prosecution. *See AE v. County of Tulare*, 666 F.3d 631, 636-38 (9th Cir. 2012) (for municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief). Further leave to amend will not be granted because

5

it would be futile. The court already specifically identified the need for such an allegation for a § 1983 claim, *see* Docket # 80 at 17-18, and plaintiffs were unable to make that allegation.

In light of these deficiencies, the court need not reach defendants' renewed argument that the malicious prosecution claim also is barred by the doctrine of res judicata.

### 2. The Claim For Wrongful Failure To Return Property

The second claim in the second amended complaint is for the alleged wrongful failure to return plaintiffs' property in the condition it was taken. This claim is not a claim for malicious prosecution and therefore is beyond that which was permitted by the order granting leave to file the second amended complaint. *See* Docket # 80 at 17-18. The claim also is meritless.

The Fourteenth Amendment's Due Process Clause generally requires notice and a hearing prior to a governmental deprivation of a person's property. In some extraordinary situations, such as a seizure of property pursuant to a search warrant, the notice and opportunity to be heard may be postponed until after the seizure of property. *See Fuentes v. Shevin,* 407 U.S. 67, 93-94 n.30 (1972). To the extent plaintiffs are claiming that Witt violated their right to due process by making an intentional and unauthorized confiscation of the computer at the time of Marlon Pagtakhan's arrest, the claim must be dismissed. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California provides an adequate post-deprivation remedy for property deprivations in California Government Code §§ 810 - 895. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).

To the extent the claim is that defendants have violated plaintiffs' due process rights because someone at BPD will not respond favorably to plaintiffs' telephonic efforts to retrieve the computer, the claim also fails. California has established a process, *see* Cal. Penal Code §§ 1536 - 1540, by which Californians may seek to obtain the return of their property taken during a search or seizure. The procedures in §§ 1536 - 1540 provide an adequate post-deprivation process. *See Perkins v. City of West Covina*, 113 F.3d 1004, 1010-11 (9th Cir. 1997), *reversed*

*on other grounds*, 525 U.S. 234 (1999), *opinion reinstated in relevant part*, 167 F.3d 1286 (9th Cir. 1999). The second amended complaint does not suggest that plaintiffs have attempted to avail themselves of the procedures in California Penal Code §§ 1536 -1540. The second amended complaint fails to state a claim for a violation of plaintiffs' right to due process. The dismissal of this claim is without prejudice to plaintiffs following the procedures set out in California Penal Code §§ 1536 -1540 to attempt to obtain the return of their seized property.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss filed by defendants Witt and BPD is GRANTED. (Docket # 85.) The action is dismissed against defendants Witt and BPD.

Plaintiffs request for dismissal of Sara Marie French as a plaintiff is GRANTED. (Docket # 105.) She is dismissed from this action.

The court has now adjudicated all of plaintiffs' claims against all of the defendants. The clerk will enter judgment against plaintiffs and close the file.

IT IS SO ORDERED.

Dated: May 19, 2014

_____
SUSAN ILLSTON
United States District Judge